Konstantinos **MOUTEVELIS**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

**Civ. No. 83–0400.**

United States District Court,
M.D. Pennsylvania.

June 10, 1983.

Keith A. Clark, John B. Lampi, Harrisburg, Pa., for petitioner.

Sally A. Lied, Asst. U.S. Atty., Harrisburg, Pa., Michael J. Salem, Trial Atty., Tax Division, U.S. Dept. of Justice, Washington, D.C., for respondent.

### ORDER

MUIR, District Judge.

### THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On January 25, 1982, the Internal Revenue Service served a summons upon Mid-State Bank & Trust Company (Mid-State Bank), Bellwood, Pennsylvania, directing Mid-State Bank to produce certain bank records relating to the Petitioner, *sub judice,* Konstantinos Moutevelis. On February 11, 1983, Moutevelis instituted this action to quash the Internal Revenue Service summons directed to Mid-State Bank. By opinion and order of April 21, 1983, the motion of Konstantinos Moutevelis to quash the Internal Revenue Service summons was granted in part and denied in part. That portion of the Internal Revenue Service summons directing Mid-State Bank to produce "testimony" in its possession was quashed. With respect to the remainder of the summons, the motion of the United States for summary enforcement thereof was granted.

On May 5, 1983, the United States filed a motion for reconsideration of that portion of the Court's opinion and order quashing that portion of the Internal Revenue Service summons relating to "testimony" from Mid-State Bank. Also on that date, the United States filed a memorandum in support of its motion for reconsideration. The motion for reconsideration was opposed on May 13, 1983, and no reply brief was filed.

On May 6, 1983, Moutevelis filed a Notice of Appeal as well as a motion for a stay of this Court's April 21, 1983, opinion and order pending appeal and a memorandum of law in support thereof. The United States has not responded to the motion for a stay and the time for so doing has elapsed.

The motion for reconsideration requests that the Court amend its April 21, 1983, opinion and order insofar as it quashed the Internal Revenue Service Summons directing Mid-State Bank to produce "testimony". The Court discussed the request for "testimony" in its April 21, 1983 opinion, stating as follows:

> With one exception, given the nature of the records sought, the Court is convinced that the United States has more than an "idle" hope that relevant information will be revealed from the requested materials. That exception relates to the requested "testimony" in the possession of the Bank. The undersigned does not think there is any likelihood that the Bank will have a record of testimony relating to the movant. In essence, the expectation of the United States is sufficiently "realistic" except as to "testimony" in possession of the bank to protect Moutevelis from a "fishing expedition" and, thereby satisfy the relevancy requirement of the ... test [in *United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964) ]. *E.g. United States v. Egenberg,* 443 F.2d 512, 515–16 (3d Cir.1981).

Opinion of April 21, 1983, 561 F.Supp. at p. 1218.

In its motion for reconsideration, the United States suggests that the undersigned misconstrued that portion of the summons relating to "testimony" in that the "testimony" sought was live testimony from a bank official, rather than recorded testimony of Moutevelis.

The summons at issue in this suit directed a representative of Mid-State Bank to appear before William J. Yankovich, an officer of the Internal Revenue Service, "*to give testimony* and to bring with [him] and produce for examination the following books, records, papers, and other data ..." (emphasis added). As the undersigned now understands, the "testimony" at issue in the Internal Revenue Service summons is not the "testimony" of Petitioner Moutevelis in possession of Mid-State Bank, but is a re-

quest for live testimony of a bank official primarily concerning the authenticity of the records produced by the summoned party. *E.g.,* 26 U.S.C. § 7602(a)(2) (authorizing the Secretary of the Treasury to summon "any person [to produce] such books, papers, records, or other data, and to give testimony, under oath, as may be relevant" to an investigation); *United States v. Euge,* 444 U.S. 707, 100 S.Ct. 874, 63 L.Ed.2d 141 (1980).

For all of these reasons, the undersigned is of the opinion that the portion of the Internal Revenue Service summons requesting testimony from Mid-State Bank should be enforced to the same degree as the remainder of the summons. The motion of the United States for reconsideration will be granted and the Court's opinion and order of April 21, 1983 will be amended accordingly.

■ Also before the Court is Moutevelis's motion for a stay pending appeal. The United States does not oppose the motion. *See* Local Rule 401.6. In determining whether or not a stay should be issued pending appeal, the Court must consider: (1) the extent to which irreparable harm to the petitioner will result; (2) the extent to which harm to other interested persons will result; (3) the extent to which the public interest will be affected; and (4) the likelihood that the petitioner will prevail on appeal. *E.g., Marshall v. Berwick Forge & Fabricating Co.,* 474 F.Supp. 104 (M.D.Pa. 1979).

■ As is apparent in this case, unless a stay pending appeal is granted, the United States will have received the sought-after information prior to a determination on appeal. Thus, Moutevelis could be irreparably injured should this Court's opinion be found by the Court of Appeals to be in error. Because it is exceedingly unlikely that the documents and other information in the possession of Mid-State Bank will be destroyed or otherwise will become unavailable prior to a determination on appeal, there is no likely harm to the public interest or to interested persons. Finally, the un-

dersigned recognizes that his opinion interpreting the Tax Equity and Fiscal Responsibility Act of 1982, P.L. 97–248, 96 Stat. 601, *et seq.* may well involve issues of first impression in this Circuit. For all of these reasons, the motion for a stay pending appeal will be granted.

NOW, THEREFORE, IT IS
ORDERED THAT:

1. The motion of the United States for reconsideration is granted.

2. The Court's opinion and order of April 21, 1983 is amended as follows:

2.1 That portion of the Court's opinion and order of April 21, 1983 quashing that portion of the Internal Revenue Service Summons directing Mid-State Bank and Trust Company to produce "testimony" is vacated.

2.2 The motion of the petitioner Moutevelis to quash the Internal Revenue Service Summons is denied *in toto.*

2.3 The motion of the United States for summary enforcement of the Internal Revenue Service Summons is granted *in toto.*

3. This Court's opinion and order of April 21, 1983 and order of this date are stayed pending the outcome of the appeal of Petitioner Moutevelis.

4. Petitioner Moutevelis shall notify the Court as to the outcome of his appeal within 10 days after a final decision on the merits by the Court of Appeals.