Nunzio **PROVENZANO** and
Angelina **Provenzano**

v.

**UNITED STATES.**

**Civ. A. No. 83–0025.**

United States District Court,
E.D. Pennsylvania.

Aug. 4, 1983.

**544**

Robert Fee, Paramus, N.J., Alan Tepper, Philadelphia, Pa., for petitioners.

Robert Gordon, U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

Now before the court is a petition filed by Nunzio and Angelina Provenzano, requesting the court to quash a subpoena issued by the Internal Revenue Service ("IRS"). Petitioners argue that the court should not enforce the summons because the statute of limitations bars its enforcement, the Commissioner of the IRS possesses the information which is the subject of the subpoena, and a "strict possession standard" should be applied to the IRS. I will deny the petition, and will order the summons to be enforced.

Mr. Provenzano was convicted by the United States District Court for the District of New Jersey of violating the Racketeering Influenced and Corrupt Organizations

Act, 18 U.S.C. § 1962(c), and conspiring to violate § 1962(d).[1] Based upon the conviction and findings that Provenzano, an official of the Teamsters Union, had received illegal payments from four trucking companies over a period of several years, the Special Enforcement Group of IRS' Examination Division in the Newark district was advised to investigate the income tax liabilities of Mr. and Mrs. Provenzano for the years 1972 through 1979. Revenue Agent Richard Gardella was assigned to that investigation.

Gardella requested copies of petitioners' tax returns for the years 1972 through 1979 from the IRS Center in Holtsville, New York. The Center provided him with copies of the returns for the 1974 through 1979 tax years and informed him that, in compliance with the IRS' routine procedures, the returns for 1972 and 1973 had been destroyed. Gardella then contacted the Assistant United States Attorney who had prosecuted Provenzano in the hope that he had copies of the returns. When the prosecutor responded that he did not have the copies sought, Gardella asked the Provenzanos for them. Petitioners, however, refused to produce the returns. Finally, Gardella issued a summons to Touche Ross and Company to appear before an IRS official and to produce copies of petitioners' tax returns for 1972 and 1973, as well as all work papers the company used to prepare the returns. On January 20, 1983, the petition to quash was filed, thereby staying the enforcement of the summons. *See* 26 U.S.C. § 7609(d)(2). Thereafter, the government moved the court to deny the petition and summarily enforce the summons.

The Supreme Court has declared that the Commissioner of the IRS must meet four requirements in order to establish a *prima facie* case and defeat a petition to quash. *United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). The Commissioner must show "that the investigation will be conducted pursuant to a legitimate purpose; that the inquiry may be relevant

---

1. The conviction was upheld on appeal. *United States v. Provenzano,* 688 F.2d 194 (3d Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 492, 74 L.Ed.2d 634 (1982).

to that purpose; that the information sought is not already within the Commissioner's possession; and that the administrative steps required by the IRS Code have been followed." *Id.* at 57–58, 85 S.Ct. at 254–255.

Petitioners first contend that the statute of limitations bars enforcement of the summons. As the Internal Revenue Code makes clear, no limitations period applies where, as here, a fraudulent or willful attempt to evade paying taxes is alleged. 26 U.S.C. §§ 6501(c)(1)–(2).

Petitioners next assert that the information sought is within the possession of the Commissioner. The government has the burden of proving that the information sought is not within its possession or that, as a practical matter, it is unable to obtain information within its possession. The affidavit of Gardella, which is affixed to the government's response to the petition, makes clear that the returns are no longer in the Commissioner's possession and have been destroyed. Without citing any support for this contention, petitioners claim that, because the government previously had the returns, it now possesses them. The Court of Appeals for the Third Circuit has, however, held that, when requested information is neither available nor accessible to the government because of routine destruction, it is not in the government's possession. *United States v. First National State Bank of New Jersey,* 616 F.2d 668, 674 (3d Cir.1980).

I conclude that the government has met the requirements set forth in *Powell,* 379 U.S. at 57–58, 85 S.Ct. at 254–255. I will, therefore, deny plaintiffs' motion to quash.

### ORDER

AND NOW, this 4th day of August, 1983, the court has considered plaintiffs' motion to quash and defendant's response thereto. For the reasons set forth in the accompanying memorandum, IT IS ORDERED that:

1. The petition to quash the summons is DENIED.

2. The government's motion for summary enforcement of a third-party recordkeeper summons is GRANTED.

3. The stay effected, pursuant to 26 U.S.C. § 7609(d)(2), by the filing of the instant petition is DISSOLVED.

4. The Clerk of the Court shall send a certified copy of this order to the summoned party, Touche Ross and Co., 1700 Market Street, Philadelphia, Pa. 19103.

5. Touche Ross and Co. shall comply with said summons at a reasonable date, time, and place to be determined by IRS.

