**Konstantinos MOUTEVELIS, Appellant,**

v.

**UNITED STATES of America.**

No. 83–3288.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
Jan. 23, 1984.

Decided Feb. 9, 1984.

Shumaker & Williams, Keith A. Clark, John B. Lampi, Harrisburg, Pa., for appellant.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Charles E. Brookhart, William A. Whitledge, Tax Div., Dept. of Justice, Washington, D.C., for appellee; David

D. Queen, U.S. Atty., Harrisburg, Pa., of counsel.

Before GIBBONS and BECKER, Circuit Judges and ATKINS, District Judge *.

## OPINION OF THE COURT

GIBBONS, Circuit Judge:

Konstantinos Moutevelis appeals from an order of the district court, 564 F.Supp. 1554, denying his motion to quash an Internal Revenue Service summons directed to the Mid-State Bank. He contends that the court erred in denying the motion to quash without permitting discovery and without conducting an evidentiary hearing. We have appellate jurisdiction. 28 U.S.C. § 1291 (1976); 26 U.S.C. § 7609(h)(1) (1976). We affirm.

### I.

William J. Yankovich, a special agent of the Criminal Investigation Division, Internal Revenue Service, during the course of an investigation of the tax liability of Mr. Moutevelis, served an Internal Revenue Summons on Mid-State Bank. Following the procedures of Section 7609(b)(2) of the Internal Revenue Code of 1954, as amended by section 331 of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub.L. No. 97–248, 96 Stat. 324, 620–21, (to be codified at 26 U.S.C. § 7609(b)(2)), Moutevelis filed a petition to quash the summons. The petition alleges that the summons "has been issued in bad faith and solely in furtherance of a criminal investigation." That allegation is reinforced by the allegation that he has never undergone an audit by a revenue officer in order to ascertain civil liability for a tax deficiency.

In response the United States filed a motion for summary enforcement, or alternatively to dismiss the petition. In support of the motion the United States filed the affidavit of Special Agent Yankovich, which in relevant part states:

3. The purpose of the investigation is, for the years under investigation, to determine the taxpayer's correct tax liabilities and to determine whether the taxpayer has violated any of the criminal provisions of the Internal Revenue Code of 1954 (26 U.S.C.).

4. As of the date of this affidavit, no recommendation has been made to the Department of Justice for a grand jury investigation of, or the criminal prosecution of, the taxpayer. Moreover, the Department of Justice has not made any request under Internal Revenue Code of 1954, Section 6103(h)(3)(B) (26 U.S.C.) for the disclosure of any return or return information (as such terms are defined in Internal Revenue Code of 1954, Section 6103(b) (26 U.S.C.)) relating to the taxpayers.

App. at F–2. The quoted allegations are tailored to the terms of sections 333(b) and (c) of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub.L. No. 97–248, 96 Stat. 324, 622–23 (to be codified at 26 U.S.C. § 7602(b), (c)). Those provisions establish that an investigation by the Internal Revenue Service "into any offense connected with the administration or enforcement of the internal revenue laws" is a valid purpose for use of a summons. However, no summons may issue to any person with respect to whom a Justice Department referral is in effect. The statute establishes that a Justice Department referral is in effect if the Secretary of the Treasury has recommended to the Attorney General a grand jury investigation or a criminal prosecution, or if the Justice Department has sought disclosure within the meaning of section 6103(b). These amendments codify the position of the dissenting justices in *United States v. LaSalle National Bank*, 437 U.S. 298, 320–321, 98 S.Ct. 2357, 2369–2370, 57 L.Ed.2d 221 (1978), that there should be a "bright line" test for the validity of Internal Revenue Service summonses. The bright line which the *LaSalle* dissenters urged, and which Congress adopted, was

---

* Hon. C. Clyde Atkins, United States District Judge for the Southern District of Florida, sitting by designation.

that such a summons should not trench upon the power of the grand jury or broaden the Justice Department's right to discovery in criminal cases. Congress thereby eliminated from consideration the question whether the Internal Revenue Service was motivated by a criminal investigative purpose, so long as no Justice Department referral has occurred.

■ Mr. Moutevelis, relying on *United States v. Genser,* 595 F.2d 146, 152 (3d Cir.1979), and *United States v. Garden State National Bank,* 607 F.2d 61, 71 (3d Cir.1979), contends that he was entitled to some discovery before his motion to quash was dismissed. The only challenge he makes to the summons, however, is that it is issued for a criminal rather than a civil purpose. The district court was not required to permit discovery for the establishment of a fact which, since the enactment of Section 333(b) of TEFRA is simply irrelevant. He makes no allegations which would otherwise bear upon the enforceability of the summons.

■ Relying on section 331(c) of TEFRA, 96 Stat. 324, 621 (to be codified at 26 U.S.C. § 7609(h)(1)), Mr. Moutevelis contends that he was in any event entitled to an evidentiary hearing. That section provides that the United States District Court "shall have jurisdiction to hear and determine" any summons enforcement proceeding. The quoted language is no more than a grant of jurisdiction. It does not mandate an evidentiary hearing in every case. Such a hearing is required only when, judged by the standard of Fed.R.Civ.P. 56(c), the petition and affidavits in support and in opposition to it establish a material fact issue. None is suggested on this record.

The judgment appealed from will be affirmed.