**Ralph SMITH**

v.

**UNITED STATES of America.**

**Civ. No. B 83–362.**

United States District Court, D. Connecticut.

April 19, 1984.

Sherin V. Reynolds, Fairfield, Conn., for petitioner.

Kurt F. Zimmermann, Asst. U.S. Atty., New Haven, Conn., for respondent.

## RULING ON PETITION TO QUASH SUMMONS AND RESPONDENT'S MOTION FOR PROTECTIVE ORDER

ELLEN B. BURNS, District Judge.

Petitioner has sought to quash thirteen summonses served by the Internal Revenue Service (I.R.S.) on various parties. He also seeks discovery of the government and requests an evidentiary hearing. The I.R.S. has moved for a protective order against the discovery, opposes an evidentiary hearing, seeks to enforce three summonses that were served on third-party record-keepers, and seeks to have the petition dismissed as to the other ten summonses due to jurisdictional defects.

The court agrees with the government that the summonses fall into three categories and must be approached in procedurally different manners. The first category includes eight summonses (Petitioner's exhibits A–H), four served upon Donald Smith as officer of four corporations, and four served upon petitioner as president of the same four corporations. The summonses seek the books and records of the corporations themselves. The second group of summonses, (exhibit I, J and K) were served upon accountants in Connecticut, seeking records pertaining to the personal income tax of petitioner and his wife. Exhibits L and M are similar summonses served upon an accountant in California.

A petition to quash an I.R.S. summons is authorized by 26 U.S.C. § 7609(b)(2), which by its definition pertains *only* to summonses served upon

third-party recordkeepers. Section 7609 makes it clear that third-party summonses are those which seek the records of a person "other than the person summoned." Thus, the eight summonses served upon the four corporations that seek the corporation's own records *a fortiori* cannot be third-party summonses. This conclusion is further compelled by § 7609(a)(3) which defines third-party recordkeepers as banks, credit agencies, brokers, attorneys, accountants and the like. Clearly not included are corporations of which the taxpayer is an officer. If the corporations believe they have valid claims of privilege,[1] or other grounds for noncompliance, they can object to a petition to enforce the summonses filed by the I.R.S. 26 U.S.C. § 7604. Therefore, the petition to quash the summonses is dismissed with respect to those summonses identified as exhibits A through H.

 The petition to quash is also dismissed with respect to those summonses identified as L and M, directed to Ira Gelfman, because Gelfman, the third-party recordkeeper, does not reside in, nor can he be found in, this district. *See* 26 U.S.C. § 7609(h)(1). Indeed, petitioner has already brought suit in California to quash those summonses. While the government clearly may issue a summons to someone out of this district, and the recordkeeper could choose to comply, the I.R.S. could not enforce that summons in this district, § 7604(a), nor can the taxpayer move to quash it here, § 7609(h)(1).

The only summonses properly before this court, then, are the three issued to the Connecticut accountants, who are third-party recordkeepers of tax records of Ralph and Jeanne Smith.

 Petitioner has challenged these summonses on a multitude of grounds.[2] For the court to enforce the summonses, it must first be found that the government has established a *prima facie* case of proper issuance. The government may establish its *prima facie* case through the affidavit of the agent who issued the summons, *Godwin v. United States,* 564 F.Supp. 1209, 1212 (D.Del.1983), showing: (1) that the investigation will be conducted for a legitimate purpose, (2) that the data sought is relevant to that purpose, (3) that the data being sought is not already in the possession of the I.R.S., and (4) that the administrative steps required by the Internal Revenue Code have been followed. *United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–255, 13 L.Ed.2d 112 (1964). In addition, 26 U.S.C. § 7602(b), (c) appears to require an additional showing that there has been no "Justice Department referral."

 In this case, Agent Richard Uhrlass has sworn in his affidavit to the above requirements, including the giving of notice by certified mail as required by § 7609(a). Despite petitioner's allegations to the contrary, government exhibits 1(a), 1(b) and 1(c) show proof of service. Thus, the I.R.S. has established its *prima facie* case of proper issuance. The burden is on petitioner to rebut the government's showing of valid issuance.

 In order to be permitted to obtain discovery and an evidentiary hearing, petitioner must come forward with specific facts from his own resources, in sworn form, demonstrating that a triable issue exists on a legally sufficient defense. *United States v. Morgan Guaranty Trust Co.,* 572 F.2d 36, 39–42 (2d Cir.1978); *Godwin, supra.* The petitioner's burden is to

---

1. Of course, corporations enjoy no fifth amendment privilege against self-incrimination. *Bellis v. United States,* 417 U.S. 85, 94 S.Ct. 2179, 40 L.Ed.2d 678 (1974).

2. Petitioner's allegations are summarized as follows: the summonses failed to comply with the statute; were improperly served; no notice was given; the information was already furnished and in the possession of the I.R.S.; the civil purpose of the summonses was abandoned and they were issued in bad faith, for the purpose of a criminal tax investigation and to harass and exert pressure on petitioner to settle another claim; the summonses seek irrelevant information; the information is privileged and the scope of the summonses is unreasonably broad.

make a "substantial preliminary showing" of the alleged abuse. *United States v. Tiffany Fine Arts, Inc.*, 718 F.2d 7, 14 (2d Cir.1983).

The *Tiffany Fine Arts* standard is in accord with the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub.L. No. 97–248, which amended 26 U.S.C. § 7602 to create a "bright line" test for assessing the proper purpose of a summons. The Senate Finance Committee reported one reason for the statutory change was that prior case law had "spawned protracted litigation without any meaningful results for the taxpayer. Yet, summons enforcement proceedings should be summary in nature and discovery should be limited." S.Rep. No. 494, 97th Cong., 2d Sess. 285, *Reprinted in* 1982 U.S.Code Cong. & Ad.News No. 7, 3, 253. It is clear, then, that the trend in court decisions that limits taxpayer access to discovery and hearings is in keeping with the Congressional intent to keep these proceedings summary, particularly in the area of alleged bad faith issuance of civil summonses for criminal investigatory purposes.

■ Petitioner's affidavit[3] fails to make a substantial showing of a legally sufficient defense. The law is clear that a civil summons is enforceable even if the primary purpose of the issuance is to investigate criminal conduct and the investigation is being conducted by the Criminal Investigations Division of the I.R.S. The limit on the I.R.S. is that the *sole* purpose of the summons cannot be for criminal investigation. *Tiffany*, 718 F.2d at 13, 26 U.S.C. § 7602(b). As long as one purpose of the summons is to compute civil liability, and the subpoenaed material "might ... throw light upon the correctness of a return," *United States v. Arthur Young & Co.*, 677 F.2d 211, 218 (2d Cir.1982) (reversed on other grounds, 52 U.S.L.W. 4355 (March 20, 1984), the summons is issued for a proper purpose.

■ This low threshold of relevancy is also germane to petitioner's allegation that all the material sought was already in the I.R.S.'s possession. Despite the taxpayer's earlier cooperation, the I.R.S. may ask for confirmation from third-party recordkeepers to establish the accuracy of its information, as long as there is a "realistic expectation" that the documents would illuminate the accuracy or inaccuracy of its present information. *See, e.g. United States v. City National Bank & Trust Co.*, 642 F.2d 388 (10th Cir.1981). The I.R.S. Commissioner " 'can investigate merely on the suspicion that the law is being violated, or even just because [he] wants assurance that it is not.' " *United States v. Chemical Bank*, 593 F.2d 451, 456 (2d Cir.1979), *quoting Powell*, 379 U.S. at 57, 85 S.Ct. at 254. Summoning documents it may have received from other sources is not "unnecessary" if it may flush out previously undisclosed records. *Id.* at 458.

■ The petitioner further maintains that he was not notified of a "second" audit as required by § 7605(b). However, "the statutory restriction against second examinations applies only to the taxpayer's own records, and not to records [in the hands] of third parties." *Chemical Bank*, 593 F.2d at 458.

Petitioner has not made a substantial showing of any legally sufficient grounds for quashing the subpoenas to his accountants. He therefore has not justified the need for an evidentiary hearing or for discovery. Respondent's motion for a protective order is granted. Ralph Smith's petition to quash the three remaining third-party summonses is denied. Said three summonses are hereby enforced. Price Waterhouse, by Richard Kenyon and David Orange, and Thomas Errichetti are hereby ordered to comply with the summonses, at new dates and times to be specified by the I.R.S.

SO ORDERED.

---

**3.** This affidavit is a photocopy dated October 17, 1983, and filed March 14, 1984. An original affidavit does not appear in the file.