**Elmer H. DRUM and Linda L. Drum, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

Civ. Nos. 83–0399, 83–0369.

United States District Court,
M.D. Pennsylvania.

Feb. 21, 1985.

W. David Marcello, Marcello & Lepley, Williamsport, Pa., for plaintiffs.

Michael J. Salem, Trial Attorney-Tax Div., U.S. Dept. of Justice, Washington, D.C., Frederick E. Martin, Asst. U.S. Atty., Lewisburg, Pa., for the U.S.

## OPINION

MUIR, District Judge.

### Introduction.

Section 7602(c)(1) of Title 26 of the United States Code provides that after a "Justice Department referral," the Internal Revenue Service may not issue an administrative summons or begin an action to enforce an administrative summons. Summonses which the Drums now seek to quash were issued by the IRS and enforced by this Court before the IRS made a Justice Department referral. Since then, however, the IRS has referred the investigation of the Drums to the Justice Department with a recommendation for criminal prosecution of the Drums. This case presents the apparently novel question of whether the IRS may continue to execute a summons following a Justice Department referral when the summons was validly issued and enforced prior to a Justice Department referral.

### Background.

In January and March 1983, the IRS served administrative summonses on the Northern Central Bank, the Muncy Bank & Trust Company, and Kidder, Peabody & Company in connection with an investigation of the tax liability of Elmer H. Drum and Linda L. Drum. In Civil Action No. 83–369, the Drums petitioned this Court to quash the summonses directed to the banks. In Civil Action No. 83–399, the Drums petitioned this Court to quash the summons directed to Kidder, Peabody & Company. The United States opposed the Drums' petitions to quash the summonses and moved for summary enforcement of the summonses pursuant to 26 U.S.C. § 7604. In orders dated June 15 and July 14, 1983, this Court denied the Drums'

petitions to quash the summonses and granted the United States's motions for summary enforcement. 570 F.Supp. 938. This Court's orders were affirmed by the United States Court of Appeals for the Third Circuit in May, 1984. *Drum v. United States*, 735 F.2d 1348 (3d Cir.1984).

On August 31, 1984, the IRS referred the investigation of the Drums to the Department of Justice with a recommendation that the Drums be prosecuted for criminal violations of the tax laws. The action of the IRS constituted a "Justice Department referral" as defined by 26 U.S.C. § 7602(c)(2)(A)(i).

On November 8, 1984, the Drums again filed motions to quash the summonses. The Drums argue that continued execution of the summonses following the Justice Department referral is prohibited by 26 U.S.C. § 7602(c)(1). Section 7602(c)(1) provides that:

> No summons may be issued under this Title, and the Secretary may not begin any action ... to enforce any summons, with respect to any person, if a Justice Department referral is in effect with respect to such person.

Hearings on the Drums' motions were held on December 19, 1984 and January 9, 1985. The Court learned at the first hearing that there was a dispute between the parties as to whether this matter was moot; the United States indicated that there was some doubt as to whether the IRS would continue to execute the summonses on or after the date of the hearing. The Court therefore continued the hearing to January 9, 1985 to allow the parties the opportunity to address the question of whether the Drums's motions were moot.

At the January 9, 1985 hearing, the United States represented that the IRS would not make any additional efforts to seek compliance with the summons directed to Kidder, Peabody & Company. Consequently, the Drums' motion in Civil Action No. 83–399 is moot. However, the Government indicated that the IRS would continue to seek execution of the summonses directed to Northern Central Bank and the Muncy Bank & Trust Company. Because neither party has indicated to the Court since January 9, 1985 that the IRS will not continue to seek enforcement of the summonses at issue in Civil Action No. 83–0369, it appears that the dispute with respect to these summonses should be resolved by this Court.

Discussion.

The Drums raise two arguments in support of their motion to quash the summonses. First, they argue that the action of the IRS since the August 31, 1984 Justice Department referral constituted "[beginning an] action ... to enforce [a] summons," under 26 U.S.C. § 7602(c)(1) and the action of the IRS is thus expressly forbidden by that statute. Second, the Drums contend that assuming the action of the IRS is not expressly forbidden by Section 7602(c)(1), it would be consistent with the intent of Congress in enacting the statute to construe the statute as prohibiting not only the beginning of an action to enforce the summons but continuation of enforcement of a summons as well following a Justice Department referral.

The Drums' first argument is unpersuasive. Beginning an action to enforce a summons involves the filing by the United States of a motion or petition seeking enforcement of a summons under 26 U.S.C. § 7604. The United States began the action to enforce the summonses in Civil Action No. 83–0369 when it requested summary enforcement of the summonses in its response to the Drums's motion to quash. Moreover, in view of the fact that the summonses were enforced as of July 14, 1983, the action to enforce the summons clearly was begun before the August 31, 1984 Justice Department referral and is not expressly prohibited by § 7602(c)(1).

 We next consider the Drums' argument that although § 7602(c)(1) does not by its terms prohibit execution of the summonses at issue in this case, it clearly was intended by Congress to prohibit such action. In Section 7602 Congress adopted a so-called "bright line" rule regarding issuance and enforcement of third party ad-

ministrative summonses. *See Moutevelis v. United States*, 727 F.2d 313, 314–15 (3d Cir.1984); *Pickel v. United States*, 746 F.2d 176, 183 (3d Cir.1984). The "bright line" of section 7602 is the point at which the IRS makes a Justice Department referral as defined by § 7602(c)(2). Congress apparently chose to prohibit issuance or the beginning of any action for the enforcement of an administrative summons following a Justice Department referral because use of an administrative summons to compel a third party to produce documents in connection with the criminal investigation of the taxpayer would invade the function of the grand jury and would broaden the Justice Department's right to discovery in criminal cases. *See Moutevelis v. United States*, 727 F.2d 313, 314–15 (3d Cir.1984). *See also United States v. LaSalle National Bank*, 437 U.S. 298, 320–21, 98 S.Ct. 2357, 2369, 57 L.Ed.2d 221 (1978) (Stewart, J., dissenting).

Although section 7602 defines the power of the IRS to issue or to seek enforcement of a summons before or after a Justice Department referral, it does not address the question of whether the IRS has the power to execute a previously issued summons following the referral. In *Pickel v. United States*, 746 F.2d 176, 183 (3d Cir. 1984), the Court of Appeals stated in dictum that "the summons power" ends when the IRS makes a Justice Department referral. The statute itself does not address the "summons power" involved in this case, *i.e.*, the power to execute a validly issued summons following a Justice Department referral. The apparent logic of Section 7602 as discussed in *Pickel, Moutevelis* and other cases indicates that Congress intended that the IRS have no power to execute a summons following a Justice Department referral. Even if a summons was valid when issued and was properly enforced because issuance and enforcement occurred before the referral, continued execution of the summons subsequent to the referral would involve interference with the power of the grand jury and broadening of the Justice Department's right to discovery in criminal investigations. *See Moutevelis*,

727 F.2d at 314–15. *See also U.S. v. LaSalle National Bank*, 437 U.S. 298, 320–21, 98 S.Ct. 2357, 2369, 57 L.Ed.2d 221 (1978) (Stewart, J., dissenting).

The Government argues that a prohibition on IRS execution of a summons following a Justice Department referral is unnecessary because in the event that the IRS improperly uses a summons in connection with a Justice Department investigation of a criminal case, a remedy is available to the taxpayer in the form of a motion to suppress any improperly obtained evidence in any criminal prosecution that might be brought against the taxpayer. We find this argument unpersuasive. The availability of a suppression hearing to prevent the use of evidence improperly obtained by the IRS through use of an administrative summons would arguably eliminate the need for *any* limit on the IRS's summons power, including the limit in § 7602(c)(1). Evidence obtained pursuant to an administrative summons issued before a Justice Department referral can be suppressed by the taxpayer just as well as evidence obtained after a Justice Department referral. Thus, the Government's argument fails to take into account the reason for the "bright line" of section 7602 prohibiting issuance or enforcement of a summons after a Justice Department referral.

█ In light of the foregoing, it appears to the Court that Congress's intent in enacting § 7602(c)(1) in its present form may well have been to prevent the IRS from using its summons power in any manner after a Justice Department referral. However, the language of Section 7602 is unambiguous. The statute prevents issuance of or commencement of an action to enforce a summons after a Justice Department referral but it does not prevent continued execution of a validly issued and enforced summons. The Drums' seek to have the Court add language to the statute to cover their situation so that § 7602(c)(1) would read: "No summons may be issued under this title, and the Secretary may not begin any action ... to enforce *or seek any compliance with* any summons with respect to

any person if a Justice Department referral is in effect with respect to such person."

 We think that there is a reasonable likelihood that congressional intent might be served if the Court were to read Section 7602(c)(1) as suggested by the Drums. Nevertheless, it is improper for this Court to re-write congressional legislation. It is conceivable that the Court of Appeals is willing to interpret the statute contrary to its plain meaning but I decline to do so. If Congress intended or now intends that the summonses relating to the Drums should be invalid in light of the Justice Department referral in this case, it is my view that the proper course in our form of government is for Congress to amend the statute.

An appropriate order will be entered.