**Jean D. SMITH,**

v.

**Gerald P. FOURNIER, Internal Revenue Service.**

**Civ. A. No. 84–3908.**

United States District Court, E.D. Pennsylvania.

July 22, 1985.

Jean D. Smith, pro se.

Glenn L. Archer, Jr., Stuart Glick, Jr., U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Pro se petitioner Jean D. Smith has filed a petition to quash a third-party record-keeper summons served by the Internal Revenue Service (the respondent) upon the Fidelity Bank in Philadelphia. The summons, served on the bank pursuant to 26 U.S.C. § 7602, requests copies of 1099 forms which allegedly show that certain payments from a trust were made to the petitioner in the calendar years 1980, 1981, and 1982. The petitioner seeks to quash the summons pursuant to 26 U.S.C. § 7609(b)(2), alleging, *inter alia,* that she has been targeted for criminal prosecution as a "tax protester" and that the IRS has violated her right to due process by issuing the instant summons while "deliberately delay[ing]" referral of her case to the Justice Department for prosecution. The respondent has moved to enforce the summons pursuant to 26 U.S.C. § 7609(b)(2)(A). A hearing on the issues raised by the petitioner was held on July 2, 1985. For the reasons that follow the Court has determined that the petition to quash the summons will be denied and the motion to enforce the summons will be granted.

The procedure for determining the enforceability of a contested IRS summons is well-established. Under 26 U.S.C. § 7609, a taxpayer may file a petition to quash in the district court within twenty days after the IRS has given notice of the service of the summons upon the third-party record-keeper. The IRS is authorized to seek enforcement of the summons in the taxpayer's proceeding. 26 U.S.C. § 7609(b)(2)(A). To establish a *prima facie* case for enforcement, the IRS must show: (1) that the investigation will be conducted pursuant to a legitimate purpose; (2) that the inquiry at issue may be relevant to the legitimate purpose of the investigation; (3) that the data being sought is not already in the possession of the IRS; and (4) that the administrative steps required by the Internal Revenue Code with respect to the issuance of a summons have been followed. *United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–55, 13 L.Ed.2d 112 (1964); *United States v. LaSalle National Bank,* 437 U.S. 298, 313–14, 98 S.Ct. 2357, 2365–66, 57 L.Ed.2d 221 (1978); *United*

*States v. Garden State National Bank,* 607 F.2d 61, 67–68 (3d Cir.1979); *Smith v. United States,* 592 F.Supp. 753, 755 (D.Conn.1984); *Provenzano v. United States,* 569 F.Supp. 543, 544 (E.D.Pa.1983); *Godwin v. United States,* 564 F.Supp. 1209, 1212 (D.Del.1983); *see Pickel v. United States,* 746 F.2d 176, 183 n. 11 (3d Cir.1984).

■ The requisite *prima facie* showing for enforcement generally is made by the affidavit of the IRS agent who issued the summons and is seeking enforcement. *United States v. Garden State National Bank,* 607 F.2d at 68; *Godwin v. United States,* 564 F.Supp. at 1212. Once a *prima facie* case for enforcement has been made, the burden falls upon the taxpayer to disprove the existence of a valid purpose for issuing the summons, or to show that the enforcement of the summons would amount to an abuse of the Court's process. *See Godwin,* 564 F.Supp. at 1213, citing *United States v. LaSalle National Bank,* 437 U.S. at 316, 98 S.Ct. at 2367. In *LaSalle National Bank,* the Supreme Court ruled that a § 7602 summons could not be validly issued after the IRS had formed an "institutional commitment" to recommend to the Justice Department that a criminal prosecution be commenced; the Court established a "good faith" inquiry designed to determine if the IRS was "honestly pursuing the goals of § 7602 [which at that time were limited to civil tax investigations] by issuing the summons." *LaSalle National Bank,* 437 U.S. at 316, 318, 98 S.Ct. at 2367, 2368. However, the 1982 Tax Equity and Fiscal Responsibility Act amendments to § 7602 explicitly expanded the purposes for which the summons power could be used to include criminal investigations, and abrogated the *LaSalle* "institutional commitment" test by providing that a § 7602 summons is enforceable so long as it is in fact issued before a Justice Department referral has occurred. *See Pickel v. United States,* 746 F.2d at 183–84. Thus a taxpayer alleging that the IRS issued the summons in "bad faith" must now

prove that the summons is issued solely to harass him, or to force him to settle a collateral dispute, or that the IRS is acting solely as an information-gathering agency for other departments, such as the Department of Justice or the F.B.I. *Pickel,* 746 F.2d at 185 (citations omitted). The Third Circuit recently has described the taxpayer's burden as "almost insurmountable". *Id.,* quoting *United States v. Garden State National Bank,* 607 F.2d at 69.

■ Finally, it has been uniformly held that in order to obtain an evidentiary hearing, a taxpayer opposing an IRS summons must come forward with an affidavit setting forth specific facts from his or her own resources which demonstrate the existence of a genuine issue of material fact on a legally sufficient defense to the summons. *See Moutevelis v. United States,* 727 F.2d 313, 314 (3d Cir.1984); *United States v. Harris,* 628 F.2d 875, 880–83 (5th Cir.1980); *United States v. Garden State National Bank,* 607 F.2d at 70; *United States v. Morgan Guaranty Trust Co.,* 572 F.2d 36, 39–42 (2d Cir.1978); *Smith v. United States,* 592 F.Supp. at 755–56; *Godwin v. United States,* 564 F.Supp. at 1215.

In the present case the respondent submitted an affidavit by Gerald Fournier, the IRS agent who issued the summons to the bank. In his affidavit Agent Fournier states, *inter alia,* that he is assigned to investigate the federal income tax liabilities of the petitioner for the taxable years of 1980, 1981, and 1982; that the purposes of the investigation are to determine the petitioner's correct income tax liabilities and to determine whether the taxpayer committed any offenses connected with the administration or enforcement of the internal revenue laws with respect to such income tax liabilities; that the IRS has made no recommendation or referral to the Department of Justice for a grand jury investigation of, or criminal prosecution of, the petitioner, and that the Department of Justice has not made any request to the IRS pursuant to 26 U.S.C. § 6103(h)(3)(B) for the disclosure

of any tax return information with respect to the taxes and periods under investigation by the IRS; that the records requested by the summons are not already in the possession of the IRS and are relevant and necessary to the purposes of the investigation; and that all procedures required by the Internal Revenue Code were followed with respect to the issuance of the summons. This affidavit establishes the government's *prima facie* case for enforcement of the summons.

In rebuttal, the taxpayer submitted an affidavit stating that she has been "under continuous and intense criminal investigation" by the IRS for over three years; that the IRS has "harassed and annoyed" her family, friends, and associates as well as herself; and that certain documents she obtained from the IRS pursuant to the Freedom of Information Act (F.O.I.A.) reveal that she has been "targeted" for criminal prosecution as an "illegal tax protester", and that these documents have been edited (through "black-outs" or "white-outs") to conceal the IRS' "deliberate delay in submitting a recommendation to the Justice Department for criminal prosecution" and the IRS' design to use the summons "merely ... to gather additional evidence for [her] prosecution."

Attached to her affidavit were copies of various documents obtained by the petitioner from the IRS via the F.O.I.A. (Exhibits A through L attached to petitioner's "Reply to Response to Petition to Quash Summons"). Some of these documents did indeed contain "black-outs" and "white-outs" as alleged by the petitioner. Accordingly, out of an abundance of caution the Court granted the petitioner's request for an evidentiary hearing and ordered the IRS to provide unedited copies of the documents referred to by the petitioner in order for the Court to make an *in camera* determination as to whether any of the documents bore any relevance to the petitioner's allegations of "bad faith".

At the hearing on July 2, 1985, the Court examined, *in camera,* unedited copies of Exhibits C, D, and E attached to petition-

er's affidavit. The Court determined at that time that none of those documents—copies of internal IRS paperwork regarding the petitioner—had any relevance to the issues raised in the petition to quash. Exhibits G through L, which the petitioner conceded had not been "edited", similarly do not contain any information relevant to the issue of "bad faith" raised by the petition to quash. Finally, counsel for the IRS stated at the hearing that the IRS had been unable to locate copies (edited or unedited) of Exhibits A, B, and F attached to the petitioner's affidavit, because they did not, according to the government's records, appear among the documents released to the petitioner pursuant to her F.O.I.A. request. At the close of the hearing the Court requested counsel for the IRS to endeavor to locate unedited copies of those documents and forward them to the Court for *in camera* inspection. The IRS did locate and submit unedited copies of petitioner's Exhibits A, B, and F. The Court has examined these documents *in camera* and finds they contain nothing which would permit an inference of any improper conduct by the IRS in connection with the issuance of the summons in this case.

■ At the hearing on July 2, 1985 Agent Fournier testified that he had not recommended to anyone in the Internal Revenue Service or the Justice Department that a criminal prosecution of the petitioner be commenced, and that he was not aware of any request by the Justice Department for information regarding the petitioner's tax returns. There was no evidence presented—either through the testimony of the agent or the testimony of the petitioner—which would tend in any way to establish any of the factors identified by the Third Circuit as indicative of the IRS' "bad faith", i.e., that the summons was issued solely to harass the taxpayer, or solely to force her to settle a collateral dispute, or solely to gather information for other government agencies. *See Pickel v. United States,* 746 F.2d at 185.

■ The only contention pressed by the petitioner at the hearing was her claim—

not raised in her brief—that the IRS had failed to establish its *prima facie* case for enforcement because the 1099 forms requested in the summons already must be in the "possession" of the IRS within the meaning of *United States v. Powell*, 379 U.S. at 57–58, 85 S.Ct. at 254–55. At the hearing, the agent testified that although the IRS should have received a magnetic tape from the bank containing the information contained in the 1099 forms, he had been unable to retrieve the 1099 forms from the IRS computer system, and consequently he had been unable to obtain the information contained in the 1099 forms. Under substantially identical circumstances the Third Circuit observed that the costs of "retrieval" of 1099 forms (stored in tapes or documents) is "prohibitive", and held that if "the information sought ... is, as a practical matter, neither accessible to nor available to [the IRS]", the fact that the forms sought "may technically be deemed within the physical proprietary control of the Government" will not bar enforcement of the summons. *United States v. First National State Bank of New Jersey*, 616 F.2d 668, 674 (3d Cir.1980); *see also United States v. Provenzano*, 569 F.Supp. at 545. In this case it is undisputed that the information sought in the summons is not, as a practical matter, accessible or available to the IRS and, accordingly, the fact that a magnetic tape containing the bank's 1099 forms may be somewhere in an IRS storage facility will not bar enforcement of the summons.

For all of the reasons set forth above, the Court has determined that the petition to quash the IRS summons filed by Jean D. Smith will be denied and the motion filed by the IRS to enforce the summons will be granted.