Sam SPINE, Pat Spine, Petitioners,

v.

UNITED STATES of America, et al., Respondents.

No. C–2–86–1109.

United States District Court, S.D. Ohio, E.D.

June 25, 1987.

Sam Spine and Pat Spine, pro se.

Barbara L. Beran, Asst. U.S. Atty., Robert W. Kern, Gerald C. Miller, Tax Div., U.S. Dept. of Justice, Washington, D.C., for respondents.

## MEMORANDUM AND ORDER

HOLSCHUH, District Judge.

Petitioners Sam and Pat Spine bring this action against the United States, the IRS, and Randal S. Schneck, a special agent of the IRS. Petitioners seek to quash administrative summonses served by the IRS on Sears, J.C. Penney Co., Lazarus, Huntington National Bank, Diamond Savings & Loan, Society Bank, BancOhio National Bank, and Citizens Federal Savings & Loan, on the basis that these warrantless summonses violate their constitutional right to due process of law. Petitioners also apparently allege that defendants have abused process "by issuing defective and collaterally fraudulent summonses with malicious intent and institutional bad faith...." The complaint seeks injunctive relief and monetary damages. This matter is before the Court on respondents' motion for partial summary judgment or to dismiss. Because a declaration and other exhibits accompany the motion, it shall be considered as a motion for summary judgment. See Rule 12(b), Federal Rules of Civil Procedure.

## STANDARD OF REVIEW

Fed.R.Civ.P. 56(c) provides:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

"[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986) (emphasis in original); *Kendall v. The Hoover Co.,* 751 F.2d 171, 174 (6th Cir.1984).

Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," *Anderson,* 477 U.S. at ——, 106 S.Ct. at 2510. The purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. *Lashlee v. Sumner,* 570 F.2d 107, 111 (6th Cir.1978). Therefore, summary judgment will be granted "only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, ... [and where] no genuine issue remains for trial, ... [for] the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try." *Poller v. Columbia Broadcasting Systems, Inc.,* 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962); *accord, County of Oakland v. City of Berkley,* 742 F.2d 289, 297 (6th Cir.1984).

In making this inquiry the standard to be applied by the Court mirrors the standard for a directed verdict. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265, *Anderson,* 106 S.Ct. at 2511.

The primary difference between the two motions is procedural: summary judgment motions are usually made before trial and decided on documentary evidence, while directed verdict motions are made at trial and decided on the evidence that has been admitted. *Bill Johnson's Restaurants, Inc. v. NLRB,* 461 U.S. 731, 745, n. 11, 103 S.Ct. 2161, 2171, 76 L.Ed.2d 277 (1983). In essence, though, the inquiry under each is the same: whether the evidence presents a suffi-

cient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.

*Anderson,* 106 S.Ct. at 2512. Accordingly, although summary judgment should be cautiously invoked, it is an integral part of the Federal Rules which are designed "to secure the just, speedy and inexpensive determination of every action." *Celotex,* 106 S.Ct. at 2555 (quoting Fed.R.Civ.P. 1).

In a motion for summary judgment the moving party bears the "burden of showing the absence of a genuine issue as to any material fact, and for these purposes, the [evidence submitted] must be viewed in the light most favorable to the opposing party." *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed. 2d 142 (1970) (footnote omitted); *accord, Adams v. Union Carbide Corp.,* 737 F.2d 1453, 1455–56 (6th Cir.1984), *cert. denied,* 469 U.S. 1062, 105 S.Ct. 545, 83 L.Ed.2d 432 (1985). Inferences to be drawn from the underlying facts contained in such materials must be considered in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Watkins v. Northwestern Ohio Tractor Pullers Association, Inc.,* 630 F.2d 1155, 1158 (6th Cir.1980). Additionally, "unexplained gaps" in materials submitted by the moving party, if pertinent to material issues of fact, justify denial of a motion for summary judgment. *Adickes,* 398 U.S. at 157–60, 90 S.Ct. at 1608–10; *Smith v. Hudson,* 600 F.2d 60, 65 (6th Cir.), *cert. dismissed,* 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979).

If the moving party meets its burden and adequate time for discovery has been provided, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex,* 106 S.Ct. at 2553. The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party.

*Anderson,* 106 S.Ct. at 2511. As is provided in Fed.R.Civ.P. 56(e):

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Thus, "a party cannot rest on the allegations contained in his ... [pleadings] in opposition to a properly supported motion for summary judgment against him." *First National Bank v. Cities Service Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968).

With this standard in mind, the Court will now proceed to consider the pending motion.

### DISCUSSION

Randal S. Schneck, a defendant herein, is a Special Agent of the Criminal Investigation Division of the Internal Revenue Service. He is currently charged with conducting an investigation to determine the correct federal income tax liability for petitioner Spine for the tax years 1982–1984 and to determine if any offenses relating to the tax laws have been committed.

During the course of defendant Schneck's investigation, he learned that Sam Spine had engaged in financial transactions with the aforementioned banks and businesses. Accordingly, he issued administrative summonses to these institutions for their books, records and testimony relating to petitioners' income and tax liabilities. To date, the institutions have failed to appear in response to the summonses.

The government makes two arguments in support of its motion for summary judgment: (1) that this action was untimely commenced as it relates to Sears, and (2) that the petition fails to state a claim upon which relief can be granted. Because the Court agrees that the petition should be

dismissed in its entirety, it need not consider the arguments relating only to Sears.

Title 26, United States Code, section 7602 grants the Secretary of the Treasury or his delegate[1] the power to examine books and records and to summon the taxpayer or the custodian of such books and records when conducting an inquiry "for the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax ... or collecting any such liability...." The statutory summons power is exceedingly broad, having been characterized as both expansive and inquisitorial. *LaMura v. United States*, 765 F.2d 974 (11th Cir.1985); *United States v. Joyce*, 498 F.2d 592 (7th Cir.1974). Its purpose is to encourage effective tax investigation. *United States v. Arthur Young & Co.*, 465 U.S. 805, 104 S.Ct. 1495, 79 L.Ed.2d 826 (1984). The Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA) broadened the summons power even further by allowing a summons to be employed in criminal as well as civil tax investigations. *Pickel v. United States*, 746 F.2d 176 (3d Cir.1984).

The summons provision of Title 26 has repeatedly sustained constitutional attacks based on the First, Fourth, and Fifth Amendments to the Constitution. *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); *United States v. Morgan*, 761 F.2d 1009 (4th Cir. 1985); *United States v. Bray*, 546 F.2d 851 (10th Cir.1976); *United States v. Sun First National Bank of Orlando*, 510 F.2d 1107 (5th Cir.), *cert. denied*, 423 U.S. 927, 96 S.Ct. 273, 46 L.Ed.2d 254 (1975); *United States v. Shlom*, 420 F.2d 263 (2d Cir.1969), *cert. denied*, 397 U.S. 1074, 90 S.Ct. 1521, 25 L.Ed.2d 809 (1970); *United States v. Ahmanson*, 415 F.2d 785 (9th Cir.1969); *Hinchcliff v. Clarke*, 371 F.2d 697, 701 (6th Cir.), *cert. denied*, 387 U.S. 941, 87 S.Ct. 2073, 18 L.Ed.2d 1327 (1967); *Uhrig v. United States*, 592 F.Supp. 349 (D.Md.

1984) and cases cited therein; *McTaggart v. United States*, 570 F.Supp. 547 (E.D. Mich.1983). A properly issued summons is valid even if it is likely that criminal as well as civil liability will result. *Donaldson v. United States*, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971). The summons of records from third-party record keepers necessarily involves some invasion of privacy; however, this limited intrusion is deemed essential in a self-reporting system of taxation. *United States v. Arthur Young & Co.*, 465 U.S. at 816, 104 S.Ct. at 1502, *quoting United States v. Bisceglia*, 420 U.S. 141, 146, 95 S.Ct. 915, 919, 43 L.Ed.2d 88 (1975).

Section 7609 of the Internal Revenue Code makes special provisions where a summons is issued to a third-party record keeper such as a bank, credit union, or broker. In that instance, the IRS is required to serve notice of the summons on the person whose records are the subject of the summons. 26 U.S.C. § 7609(a)(1)(B). Any person who is entitled to such notice has the right to bring, in the United States District Court for the district in which he resides, an action to quash the summons. 26 U.S.C. § 7609(b)(2).

In order to defend against an action to quash an IRS summons, the government need only establish a prima facie case that the summons is valid. The government must show: (1) that the summons was issued for a legitimate purpose, that is, for the purpose of inquiring into any offense connected with the administration or enforcement of the tax laws; (2) that the records sought are material and relevant to such a legitimate purpose; (3) that the government is not already in possession of the information; (4) that the proper administrative steps have been followed; and (5) that the summons was issued prior to a Justice Department referral, *i.e.*, a decision has not been made to prosecute. *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); *United States v.*

---

**1.** Responsibility for administration and enforcement of revenue laws is vested in the Secretary of the Treasury. 26 U.S.C. § 7801(a). The Internal Revenue Service is the designee of the Secretary to carry out those responsibilities. *United States v. Euge*, 444 U.S. 707, 710 n. 3, 100 S.Ct. 874, 877 n. 3, 63 L.Ed.2d 141 (1980).

*Arthur Young & Co.*, 465 U.S. 805, 104 S.Ct. 1495, 79 L.Ed.2d 826 (1984); *LaMura v. United States*, 765 F.2d 974 (11th Cir. 1985); *Pickel v. United States*, 746 F.2d 176, 184 (3d Cir.1984); *United States v. Joyce*, 498 F.2d 592 (7th Cir.1974). For purposes of a petition to quash, relevance is much less than is required of evidence at trial; a record is relevant if it "might throw light upon" the issue of tax liability. *See United States v. Arthur Young & Co., supra*, for a discussion of this standard. The government need only make minimal showing in support of its case, a prima facie case is satisfied by the declaration of the agent issuing the summons. *LaMura v. United States*, 765 F.2d 974 (11th Cir. 1985); *United States v. Samuels, Kramer & Co.*, 712 F.2d 1342 (9th Cir.1983); *United States v. Scholbe*, 664 F.2d 1163 (10th Cir. 1981); *Smith v. United States*, 592 F.Supp. 753 (D.Conn.1984); *Godwin v. United States*, 564 F.Supp. 1209 (D.Del.1983).

█ In the present case, the government has met its burden of establishing its prima facie case. The declaration of Randall S. Schneck establishes that he is conducting an investigation both to determine the correct tax liability of Sam Spine and to determine whether he has committed any offense defined by internal revenue laws. This is a legitimate aim of internal revenue agents and is a legislatively permissible reason for issuing a summons. 26 U.S.C. § 7602. The summoned books and records are records of the taxpayers' financial transactions, which are relevant to determining their correct income and tax liability. The records sought are not currently in the possession of the government, and all procedures required by the Internal Revenue Code have been followed. Finally, as of the date of the declaration, there has been no Justice Department referral with respect to petitioners.

█ Once the government has established its prima facie case, petitioners, as the parties opposing the summonses, bear the heavy burden of establishing either that a Justice Department referral has taken place or that issuance of the summonses would constitute an abuse of the Court's process. *See LaMura v. United States*, 765 F.2d 974 (11th Cir.1985); *Pickel v. United States*, 746 F.2d 176, 184 (3d Cir. 1984). To make a showing of bad faith sufficient to be afforded an evidentiary hearing, petitioners cannot merely allege improper purpose, but must establish specific facts from which a court could infer a possibility of wrongful conduct. *United States v. Samuels, Kramer & Co.*, 712 F.2d 1342 (9th Cir.1983); *United States v. Will*, 671 F.2d 963 (6th Cir.1982); *Johnson v. United States*, 607 F.Supp. 347, 348 (E.D.Pa.1985); *Smith v. United States*, 592 F.Supp. 753 (D.Conn.1984); *Moutevelis v. United States*, 561 F.Supp. 1211 (M.D.Pa. 1983), *affirmed*, 727 F.2d 313 (3d Cir.1984).

█ Petitioners have presented the Court with no factual basis to support their argument that the government has committed an abuse of process in this case. They merely set forth a spurious list of allegations regarding defendant Scheck's declaration: that they are not taxpayers and are immune from the operation of the tax code; that Mr. Scheck's signature on the summons is without force and effect; and that the government is operating with bad faith and malicious intent. These arguments have previously been "rejected by the courts." *Johnson v. United States*, 607 F.Supp. 347, 349 (E.D.Pa.1985). The argument that the IRS has no jurisdiction to issue summons because petitioners are "private, Sovereign Individuals" has been held frivolous. *United States v. McAnlis*, 721 F.2d 334, 336 (11th Cir.1983); *Uhrig v. United States*, 592 F.Supp. 349 (D.Md. 1984). The Court has considered petitioners' litany of additional arguments and finds them to be equally frivolous. No evidence has been presented which convinces this Court that issuance of the summons would be an abuse of process.

WHEREUPON, the Court HOLDS that respondents' motion for summary judgment is meritorious, and it is GRANTED. This action is hereby DISMISSED.

IT IS SO ORDERED.