UNITED STATES of America, et al.

v.

Harry D. SAUNDERS, et al.

Civ. No. C85–1644.

United States District Court,
N.D. Georgia,
Atlanta Division.

July 12, 1985.

Sharon Douglas Stokes, Asst. U.S. Atty., Atlanta, Ga., Michael J. King, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for plaintiffs.

Robert W. Stockmeier, pro se.

## ORDER

ORINDA D. EVANS, District Judge.

This action was instituted by Robert W. and Raenelle B. Stockmeier, pursuant to 26 U.S.C. § 7609(b), to quash IRS summonses served upon Harry D. Saunders, Senior Vice President of Citizens and Southern Corporation, requiring him to appear and produce various bank statements, cancelled checks, and other records with respect to the Petitioners.[1] The United States has moved for enforcement of the summons.

▇▇▇ Petitioners contend the summons should be quashed because the IRS has not complied with the notice provisions of § 7605(c). However, the administrative requirements of § 7605(c) extend only to an examination of a religious organization itself, not to members of the organization. By Petitioners' own admissions, they are merely members of an alleged religious organization. (*See* Petition to Quash, ¶ 7–9, 16). Furthermore, the IRS summons was issued in an examination of the Petitioners' tax liability, rather than in an examination of the religious organization itself. The summons seeks to examine third party records, such as bank records and check stubs in the possession of Harry Saunders, which do not constitute church books of account. *See Troyer v. United States*, 53 A.F.T.R.2d 831 (N.D.Inc. Feb. 7, 1984) (summons to bank for the bank's own records does not violate the restriction on the examination of church records). Thus, the court finds that the Petitioners were not entitled to any notice under § 7605(c).

▇▇▇ The Petitioners further argue that this summons is overbroad because it directs the bank to produce all financial records relative to the Petitioners for the years 1981, 1982, and 1983 to the present period. The test for determining whether summoned documents are relevant to an ongoing tax investigation is whether the summons seeks information "which might throw light upon the correctness of the taxpayer's return." *United States v. Wyatt*, 637 F.2d 293, 300 (5th Cir.1981). Here, IRS agent Karen Yates is conducting an investigation into the Petitioners' tax liability for the 1981, 1982, and 1983 tax years. The court finds that financial records for the 1981 through 1983 tax years would clearly "shed light upon the correctness" of the Petitioners' returns for those years. Moreover, records for the year immediately succeeding the tax years under investigation might throw light upon the correctness of the taxpayer's returns for the years under investigation. As Judge Vining stated in his September 27, 1984 order dismissing the Petitioners' previous petition to quash:

> When indirect proof of a taxpayer's potential tax liability must be utilized, it is certainly reasonable to investigate sources of income identified over a period of years in an effort to determine whether those sources of income existed during the years in question.

*Id.* at 2. Here, the financial records pertaining to the 1984 year may allow the IRS

---

1. The Stockmeiers have styled their initial pleading as "Respondents-Intervenors Motion to Quash Summons." However, because the Stockmeiers commenced this action the court will refer to the Stockmeiers as the "Petitioners" for purposes of this order.

to use an indirect method of proving the Petitioners' tax liabilities for the previous years by enabling the IRS to show a pattern of understatement of income. Therefore, the court finds that all of the summoned documents are relevant to determination of the Petitioners' tax liabilities for the years in question.

■ The Petitioners also argue that enforcement of the summons would have a chilling effect upon their First Amendment rights. However, the Petitioners have not shown how enforcement of the summons would place a burden on the exercise of their religion or in any way impede the free exercise of their religious rights. *See United States v. Holmes*, 614 F.2d 985, 989 (5th Cir.1980). Furthermore, the IRS summons seeks only the bank records of the Petitioners and not information about any other members of the religious organization or about the religious organization itself. It is well settled in this Circuit that a summons to a bank requesting records relevant to the tax liability of an individual member of a religious organization does not violate the First Amendment, as such a summons imposes no restriction on the church or religious organization's freedom to espouse doctrine or to solicit support. *United States v. Grayson County State Bank*, 656 F.2d 1070 (5th Cir.1981). *Accord United States v. Groos National Bank of San Antonio*, 661 F.2d 36 (5th Cir.1981). For these reasons, the court finds that the First Amendment does not preclude investigation of the Petitioners' potential tax liability.

■ The Petitioners further claim that the IRS summons violates their Fifth Amendment privilege against self incrimination. However, the Fifth Amendment does not protect against production of records belonging to third parties. *Fisher v. United States*, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976). Furthermore, there has been no Justice Department referral, as defined in 26 U.S.C. § 7602(c)(2) of the Internal Revenue Code, with respect to either of the Petitioners for any of the years under investigation. The court finds

that the Petitioners' allegation that the records are being sought for a criminal prosecution is without merit.

■ Finally, the Petitioners challenge to the jurisdiction of this court over the IRS summons is clearly without merit. Section 7609(h)(1) of the Internal Revenue Code specifically grants the United States District Court jurisdiction over this proceeding. Further, §§ 7402 and 7604 grant the district court jurisdiction to enforce the summons.

Accordingly, the Petitioners' request that the IRS summons at issue in these proceedings be quashed is DENIED, and the government's motion to enforce the summons is GRANTED. The third party recordkeeper to whom the summons was addressed is hereby DIRECTED to comply with that summons within 20 days of the date of entry of this order.

SO ORDERED.