**Bob MITCHELL, Individually, Bob Mitchell, d/b/a Circle Bar M, Bob Mitchell, Jr. and Barbara Mitchell, Petitioners,**

v.

**INTERNAL REVENUE SERVICE,
United States of America,
Respondent.**

**Civ. A. No. J85–0429(L).**

United States District Court,
S.D. Mississippi,
Jackson Division.

April 8, 1986.

---

**3.** *See* my Opinion of January 31, 1985, 618   F.Supp. at 55–59.

Bob Mitchell, Jackson, Miss., for petitioners.

William D.M. Holmes, Tax Div., U.S. Dept. of Justice, Washington, D.C., for respondent.

## MEMORANDUM OPINION

TOM S. LEE, District Judge.

This cause is before the court on the motions of the respondent, the United States of America, to dismiss the petitions to quash summons and to enforce summons, and the motion of the petitioners, Bob Mitchell, individually, Bob Mitchell, d/b/a Circle Bar M, Bob Mitchell, Jr. and Barbara Mitchell, for default judgment. Petitioners proceeding pro se filed this ac-

tion pursuant to 26 U.S.C. § 7609(b)(2)(A) to quash three summonses issued to third-party recordkeepers [1] by the Internal Revenue Service. The summonses were issued on April 18, 1985 by Alvin Patton, a special agent with the Criminal Investigation Division of the Internal Revenue Service, and were served upon James M. Chandler, Senior Vice President, Canton Exchange Bank, Canton, Mississippi; Betty J. Oxley, Assistant Vice President, Great Southern National Bank/Bank of Jackson, Jackson, Mississippi; and Donna F. White, Assistant Vice President, Deposit Guaranty National Bank, Jackson, Mississippi. The summonses required the third-party recordkeepers to produce records pertaining to the tax liability of Bob Mitchell and were issued as part of an investigation of his tax liability for the years 1980, 1981, 1982 and 1983. On May 7, 1985, Bob Mitchell, individually, Bob Mitchell d/b/a Circle Bar M, Bob Mitchell, Jr., Barbara Mitchell and Mitchell Oil Company filed petitions to quash all three summonses, alleging that they were illegally issued under section 7062 of the Internal Revenue Code, which does not exist, and that agent Patton failed to follow the proper guidelines and obtain approval from his supervisors before issuing the summonses.

Under the provisions of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), a summons issued to a third-party recordkeeper must be complied with unless a proceeding to quash the summons is brought within 20 days after notice of the summons is given. 26 U.S.C. § 7609(b)(2)(A) (Supp.1986). Section 7609(b)(2)(A) further provides: "[I]n any such proceeding, the Secretary may seek to compel compliance with the summons."

In investigating the correctness of any return and determining the tax liability of any person, the Secretary is authorized:

(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

(2) To summon ... any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary or his delegate may deem proper, to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

26 U.S.C. § 7602(a).

■ While under TEFRA the burden of instituting proceedings regarding the enforcement of a third-party recordkeeper summons is shifted from the United States to the taxpayer, it is evident from the legislative history that Congress did not intend to change the substantive law governing enforcement of summons.

Although an action to quash the summons must be instituted by the taxpayer, the ultimate burden of persuasion with respect to its rights to enforcement of the summons will remain on the Secretary, *as under current law*. Thus, the Secretary will have to meet all of the requirements of *United States v. Powell*, 379 U.S. 48 [85 S.Ct. 248, 13 L.Ed.2d 112] (1964), including a showing that the individual investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to that purpose, that the information sought is not already within the Commissioner's pos-

---

**1.** Third-party recordkeeper as defined in 26 U.S.C. § 7609(a)(3) includes:

(A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institutions chartered and supervised as a savings and loan or similar association under Federal or State law, any bank ... or any credit union ...;

(B) any consumer reporting agency ...;
(C) any person extending credit through the use of credit cards or similar devices;
(D) any broker ...;
(E) any attorney:
(F) any accountant; and
(G) any barter exchange....

session, and that all the administrative steps required by the Code have been followed. (emphasis added)

S.Rep. No. 494, 97th Cong., 2d Session 283, *reprinted in* 1982 U.S.Code Cong. & Ad. News 781, 1029. *See also Moutevelis v. United States,* 561 F.Supp. 1211 (M.D.Pa. 1983). Therefore, in order to establish a prima facie case for enforcement of a third-party recordkeeper summons, the government need only show that the summons was issued in good faith by establishing: that the investigation is being conducted for a legitimate purpose, that the summoned data may be relevant to that purpose, that the data being sought is not already in the government's possession and that the proper administrative steps have been followed. *United States v. LaSalle National Bank,* 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978); *United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); *Johnson v. United States,* 607 F.Supp. 347 (E.D.Pa.1985); *Godwin v. United States,* 564 F.Supp. 1209 (D.Del.1983).

■ The government may make its prima facie case through the declaration or affidavit of the special agent who issued the summons. *United States v. Will,* 671 F.2d 963 (6th Cir.1982); *Smith v. United States,* 592 F.Supp. 753 (D.C.Conn.1984). In this case, the United States has submitted as an exhibit to its motions three declarations of special agent Alvin Patton which clearly establish a prima facie case for enforcement of the summonses.[2] *United States v. Berg,* 636 F.2d 203 (8th Cir. 1980). Once the government establishes its prima facie case, the burden shifts to the taxpayer to show that enforcement of the summons would be an abuse of the court's power. *United States v. Powell,* 379 U.S.

48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); *United States v. Berg,* 636 F.2d 203 (8th Cir.1980); *Johnson v. United States,* 607 F.Supp. 347 (E.D.Pa.1985); *Uhrig v. United States,* 592 F.Supp. 349 (D.Md.1984).

■ Patton issued the summonses and notice of summons using standard forms printed by the government. The texts of sections 7602, 7603, 7604, 7605, 7610 and 7210 of the Internal Revenue Code are printed on the reverse sides of these forms. The heading of section 7602 was mistakenly printed to read section 7062 and it is this mistake which the petitioners contend renders the summonses invalid and unenforceable. The petitioners' argument on this issue is without merit. The text of section 7602, under which these summonses were issued, is reproduced on the form sent to the petitioners and they are in no way prejudiced by the erroneous reference to a section which does not even exist.

■ The petitioners next contend that the summonses are illegal and unlawful because they were not issued in compliance with section 362(2) of the Handbook for Special Agents. Relying on an outdated copy of the handbook, the petitioners argue that the summonses should be quashed because special agent Patton failed to obtain supervisory approval before issuing them. Under the guidelines in effect in April of 1985, supervisory approval for issuance of a third-party summons was not required; accordingly, petitioners' argument on this ground must also fail.

■ In order for a summons issued under 26 U.S.C. § 7602 to be valid and enforceable, it must be "issued in good faith pursuit of the Congressionally authorized purposes of § 7602." *United States*

---

**2.** Patton's declarations also establish that a Justice Department referral is not in effect with respect to Bob Mitchell for the tax years under investigation. 26 U.S.C. § 7602(c)(1) provides:

No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.

While it is clear that a summons may not be enforced after a case has been referred to the Justice Department for prosecution, the petitioners have not raised this issue and special agent Patton's declarations establish that there has been no such referral. *See Godwin v. United States,* 564 F.Supp. 1209 (D.Del.1983); *Moutevelis v. United States,* 561 F.Supp. 1211 (M.D. Pa.1983).

*v. LaSalle National Bank,* 437 U.S. 298, 318, 98 S.Ct. 2357, 2368, 57 L.Ed.2d 221 (1978). As established by the declarations of Patton, the summonses were issued for the purpose of determining petitioners' tax liability for the years 1980, 1981, 1982 and 1983 as authorized under section 7602. Therefore, the summonses are valid and enforceable and the petitions to quash summons should be dismissed.

The petitioners vigorously argue that the court should grant their motion for default judgment for the failure of the United States to timely file responsive pleadings. The petitions to quash summons were filed May 7, 1985. On June 27, 1985, the United States was granted an extension until August 7, 1985 within which to file responsive pleadings. No pleadings were filed and on January 16, 1986, a scheduling order was entered by the United States Magistrate allowing thirty days for the filing of any motions. On February 5, 1986, the United States filed motions to dismiss all three petitions and on February 11, 1986, petitioners filed their motion for default judgment. Rule 55(e) of the Federal Rules of Civil Procedure provides:

> No judgment by default shall be entered against the United States or any officer or agency thereof unless the claimant establishes his claim or right to relief by evidence satisfactory to the court.

While the failure of the United States to file a timely response in this matter may evidence a lack of respect for the court and the judicial process, the court, as is evident from the foregoing discussion, concludes that there is no merit in petitioners' position.

Accordingly, this court is of the opinion that the motions of the respondent, United States of America, to dismiss the petitions to quash summons and to enforce summons should be granted and that the petitioners' motion for default judgment should be denied. A separate judgment and enforcement order will be issued as to each summons in accordance with this opinion.

