**RAPIDFORMA DEL CARIBE, INC. and Rapidforma Del Caribe International, Petitioners,**

v.

**UNITED STATES of America, Respondent.**

**Misc. No. 85–078 (JP).**

United States District Court, D. Puerto Rico.

June 26, 1986.

466

Jorge Ortiz Murias, Hato Rey, P.R., for petitioners.

William J. Dean, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., and Eduardo E. Toro, Asst. U.S. Atty., Hato Rey, P.R., for respondent.

## SUPERSEDING OPINION AND ORDER

PIERAS, District Judge.

The Court has before it petitioner's Motion to Quash Summons and opposition thereto, as well as the Motion for Summary Enforcement of Third-Party Record Keeper Summons and the opposition thereto.

Attached to the Respondent's Motion is a declaration by Mr. Norman F. Tancrell, special agent of the Internal Revenue Service (IRS), stating the purpose of the summons and the administrative status of the investigation. After a careful consideration, the Court finds that the affidavit submitted by Respondent fulfills the requirements of a showing of good faith to establish a prima facie case for the enforce-

ment of the summons in that it shows the following:

1) the investigation is for a legitimate purpose;

2) the data sought is relevant to the purpose of the investigation;

3) the data sought is not already in the possession of the IRS, and

4) the administrative steps required by the Internal Revenue Code with respect to the summons have been followed. *U.S. v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964) cited in *Godwin v. U.S.*, 564 F.Supp. 1209 (D.Delaware 1983).

■ Petitioner, in its opposition to the Motion for Enforcement of Summons, fails to oppose factually the government's allegations by affidavit. He submits a memorandum of law which contains legal conclusions only. In *Thornton v. U.S.*, 493 F.2d 164, 167 (3rd Cir.1974), the Third Circuit stated in an analogous section that legal conclusions or mere memoranda of law will not suffice.

■ Petitioners, Rapidforma del Caribe, Inc. and Rapidforma del Caribe International, allege that the IRS is required to state specific allegations of the offense suspected. They cite as authority for said allegation the cases of *U.S. v. Powell, supra; U.S. v. Freedom Church*, 613 F.2d 316 (1st Cir.1979); and the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), 26 U.S.C. § 1 *et seq.* The authorities cited do not support their allegations. The holding in *U.S. v. Powell, supra*, is to the contrary, that is, the government need not make a showing of probable cause to suspect fraud for enforcement of IRS summons unless the taxpayer raises a substantial question that enforcement would be abusive. *See also U.S. v. Barth*, 745 F.2d 184, 186–7 (2d Cir.1984).

■ Petitioners contend that the IRS seeks information which is subject to the accountant-client privilege recognized under Puerto Rico law, and thus is privileged for purposes of the IRS summons. In *Couch v. U.S.*, 409 U.S. 322, 335, 93 S.Ct. 611, 619, 34 L.Ed.2d 548 (1973), the Supreme Court held that no confidential accountant-client privilege exists under federal law, and no state created privilege has been recognized in federal cases. This result was followed by the First Circuit in *U.S. v. Arthur Andersen and Co.*, 623 F.2d 725, 729 (1st Cir.1980).

■ Petitioner further contends that the summons demands information which is irrelevant to the alleged investigation. The government states that the information as to prior and subsequent years is relevant pursuant to indirect methods of proof. It cites as an example the tracing of assets of the taxpayer, such as stock certificates, in years prior to and subsequent to the years under investigation, which it believes will establish items of income and expenditures in the years under investigation. This position is correct under the applicable standard of relevancy. *E.g., U.S. v. Harrington*, 388 F.2d 520, 524 (2d Cir.1968).

■ As to petitioner's contention that the procedure used in issuing the summons was improper, we find no requirement in 26 U.S.C. § 7602(a) that the summons be issued in the IRS district in which the summonee resides.

■ Petitioner contends that, if required to answer the summons, its Fifth Amendment right not to incriminate itself will be violated. Petitioner's argument is without merit. In *U.S. v. White*, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944), the Court clearly held that this protection is a personal one, applying only to natural individuals and it cannot be utilized by or on behalf of any organization, such as a corporation.

For the reasons stated above, the petition to Quash Summons is DENIED and the Motion for Summary Enforcement is GRANTED.

This Opinion and Order supersedes the Opinion and Order filed on April 7, 1986.

IT IS SO ORDERED.