**Dallas HOLIFIELD, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 87–C–718.

United States District Court, E.D. Wisconsin.

Sept. 9, 1987.

Craig Zetley and Martin Kohler, Milwaukee, Wis., for plaintiff.

Ann M. Kisting, Milwaukee, Wis., and Jeffrey D. Snow, for defendant.

## ORDER

REYNOLDS, Senior District Judge.

Plaintiff Dallas Holifield has filed a petition to quash an Internal Revenue Service ("IRS") summons to a third party recordkeeper on the grounds that the IRS failed to comply with the notice provisions of 26 U.S.C. § 7609(a)(1) and (d), and that the records sought were not relevant to the tax liabilities under investigation. The United States of America ("United States") has moved for an order dismissing the petition to quash and enforcing the summons. The plaintiff has opposed the motion and has requested an evidentiary hearing on the petition to quash. This court's jurisdiction arises under 26 U.S.C. § 7609(h). This court can decide the United States' motion on the briefs submitted and will not hold an evidentiary hearing. This court will grant the United States' motion to dismiss the petition to quash and to enforce the summons.

On June 4, 1987, the IRS issued a summons to Wisconsin Bell Telephone Company ("Wisconsin Bell") directing the appearance of Wisconsin Bell on June 15, 1987 and the production of certain telephone records of the plaintiff's housemate, Birdie Mapp. On June 4, 1987, the plaintiff received part C of the summons served on Wisconsin Bell. A notice of the service of the summons and copies of it were also sent to Birdie Mapp and a return receipt was received, stamp-dated June 8, 1987. Plaintiff's Petition to Quash, Exhibits B and C. Before Wisconsin Bell produced any records or testimony, IRS Special Agent John Morgan amended Wisconsin Bell's date of appearance from June 15, 1987 to July 2, 1987. Wisconsin Bell has not appeared in response to or complied with the summons. Declaration of John Morgan, Government Exhibit A.

The records sought from Wisconsin Bell are telephone bills, toll records and billing itemization records for telephone numbers in the name of Birdie Mapp for January, 1983 through December, 1986. During the years in question, the telephone numbers served a residence where the plaintiff and Birdie Mapp lived. The plaintiff is a convicted narcotics trafficker and the IRS believes the plaintiff might have failed to report income from narcotics sales. The IRS believes the telephone records may establish leads to and/or sources of any unreported income. The IRS does not possess and has not previously examined the records requested from Wisconsin Bell. Declaration of John Morgan, Government Exhibit A. The summons states that the IRS is investigating the plaintiff's tax liability for the years 1983 through 1985, however; Agent Morgan claims the investigation covers the years 1983 through 1986.

To establish a prima facie case for enforcement of the summons, the United States must show that: 1) there is a legitimate purpose for examining the telephone records, 2) the records are relevant to that purpose, 3) the IRS does not already possess the records, and 4) the administrative steps required by the Internal Revenue Code were taken. *United States v. Powell*, 379 U.S. 48, 58, 85 S.Ct. 248, 255, 13 L.Ed. 2d 112 (1964). The United States has made the required showing in the present case.

■ The plaintiff challenges the relevance of the records sought. The United States has stated that it suspects that the defendant did not report income from drug trafficking and seeks to examine the telephone records for leads to possible sources of such income. Investigation of unreported income is a legitimate purpose and the

records are relevant to that purpose. The plaintiff argues that even if the records are relevant, only the records from the tax years under investigation are relevant. The summons indicates that the years under investigation are 1983 through 1985. Thus, the plaintiff contends, the records from 1986 are not relevant. The IRS' request is not overbroad and the 1986 records are relevant because they might shed light on sources of income which originated or continued during 1983 through 1986 or were discontinued in 1986, thereby helping the IRS to determine whether the plaintiff understated income for the years 1983 through 1985. *See United States v. Saunders*, 621 F.Supp. 745 (N.D.Ga.1985).

■ The plaintiff also argues that the United States has not complied with the notice provisions of 26 U.S.C. § 7609(a)(1) and (d). The plaintiff does not complain that he did not receive notice of the summons, but rather, that the plaintiff did not receive the notice 23 days before the day fixed in the summons for Wisconsin Bell to produce the records, as required by § 7609(a). This is because the summons required Wisconsin Bell to produce the records only 11 days after the summons was issued, in violation of § 7609(d). In order to comply with § 7609(d), the IRS states that it notified Wisconsin Bell that the records did not have to be produced until July 2, 1987. The records have not been produced and the plaintiff has been able to file a petition to quash the summons. In light of these facts, the plaintiff's argument is without merit because the plaintiff has not been harmed and the United States has adhered to the required administrative steps. *See United States v. Moulton*, 614 F.2d 1063, 1066 (5th Cir.1980) (Strict compliance with notice requirements not necessary to enforce summons if IRS acted in good faith and plaintiff not harmed). *See also Rivera v. Chase Manhattan Bank*, 84–1 USTC ¶ 9371 (S.D.N.Y. 1984) [Available on WESTLAW, 1984 WL 195] (Summons enforced despite IRS' failure to comply with 23 day notice requirement to third party recordkeeper because the plaintiff received timely notice and was not harmed by the violation, and the IRS complied with all other procedures).

Once the United States has made a prima facie showing for enforcement of the summons, the burden is on the plaintiff to show the existence of major deficiencies in the proceeding. *United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 316, 98 S.Ct. 2357, 2367, 57 L.Ed.2d 221 (1978). In the present case, the plaintiff suggests that the summons was issued in bad faith, asserting that Agent Morgan is acting in conjunction with other Federal agencies such as the Justice Department. The plaintiff has presented no evidence to support this assertion, other than arguing that the United States' suspicions that the plaintiff, a convicted narcotics trafficker, might have received unreported income from narcotics sales and that the telephone records might lead to sources of such income are groundless. The plaintiff's argument is not sufficient to show abuse or wrongdoing and, therefore, the summons will be enforced.

IT IS ORDERED that defendant United States of America's motion to dismiss the plaintiff's petition to quash and for summary enforcement of the summons is granted.