**Joseph PIERRE, M.D., Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. J91–0241(W).**

United States District Court, S.D. Mississippi, Jackson Division.

July 2, 1992.

---

not move for summary judgment claiming that

he was entitled to benefits under ERISA.

Harris H. Barnes, III, Jackson, Miss., for petitioner.

Steven Shapiro, William D. Holmes, Dept. of Justice, Washington, D.C., for respondent.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

This action was filed by the taxpayer, Joseph M. Pierre, M.D., [hereinafter Pierre] against the respondent, United States of America, pursuant to 26 U.S.C. § 7609(h)[1] of the Internal Revenue Code, to quash an Internal Revenue summons for certain tax documents of the taxpayer's in the possession of Al Roberts/Custom Accounting Systems, Inc., of Mississippi,[2] which is a "third-party recordkeeper" as defined in section 7609(a)(3)[3] of the Internal Revenue Code of 1986 (26 U.S.C.). Pursuant to Rule 12(b)(6)[4] of the Federal Rules of Civil Procedure, the respondent, United States of America, moved to dismiss the petition to quash on the grounds that the petition fails to state a claim upon which relief may be granted. Additionally, the respondent moved the court for an order enforcing the summons pursuant to 26 U.S.C. § 7609(b)(2)(A),[5] Internal Revenue Code. Petitioner opposed the motion. Pursuant to the respondent's motion, the parties submitted memoranda, exhibits, affidavits and other documents in support of their claims before this court.

Upon reviewing the papers of the parties, the court concluded that a hearing on the factual issues was required since the papers of the parties presented factual disagreements which needed resolution at a full hearing on the merits. So, on or about February 18, 1992, this court held a full hearing on the merits of this matter wherein the parties argued their respective positions and presented evidence. *See United States v. Southeast First National Bank of Miami Springs,* 655 F.2d 661, 665–66 (5th Cir.1981) (district court may order evidentiary hearing for taxpayer challenging summons). After having reviewed the briefs of the parties, heard oral arguments of counsel, and having received evidence in this cause, the court is persuaded to find for the respondent United States. Pursuant to Rule 52(a)[6] of the Federal Rules of

---

**1.** 26 U.S.C. § 7609 provides special procedures for third-party summonses issued by the Internal Revenue Service when conducting examinations of federal taxpayers. 26 U.S.C. § 7609(h) provides:

(1) Jurisdiction—The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding brought under subsection (b)(2).... An order denying the petition shall be deemed a final order which may be appealed.

Title 26 U.S.C. § 7609(b)(2) states:

... [A]ny person who is entitled to notice of a summons ... shall have the right to begin a proceeding to quash such summons....

**2.** Al Roberts/Custom Accounting Systems, Inc., of Mississippi received the IRS summons at its address which is 503 Hathaway Drive, Clinton, Mississippi 39056.

**3.** Title 26 of the United States Code, § 7609(a)(3), states in pertinent part:

For purposes of this subsection, the term "third-party recordkeeper" means— ... (f) any accountant; ...

**4.** Rule 12(b)(6) provides in pertinent part:

... the following defenses may at the option of the pleader be made by motion: ... (6) failure to state a claim upon which relief can be granted, ...

**5.** Section 7609(b)(2)(A) recites as follows:

Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons ... In any such proceeding, the Secretary may seek to compel compliance with the summons.

**6.** Fed.R.Civ.P. 52(a) provides in pertinent part:

In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its

Civil Procedure, the court now announces its findings of fact and conclusions of law.

## BACKGROUND FACTS

As indicated by Special Agent Nicholas M. Montgomery of the Internal Revenue Service [hereinafter IRS] in his testimony at the hearing and by his filed declaration which is attached to the respondent's motion to dismiss as exhibit A, he is investigating the federal income tax liability, if any, of Joseph M. Pierre, M.D., for the years 1987 and 1988 and seeking to determine whether Joseph M. Pierre has violated any of the Internal Revenue laws for the years under investigation. As part of his investigation, on April 26, 1991, Special Agent Montgomery issued an Internal Revenue Service summons (Form 2039) to Al Roberts/Custom Accounting Systems, Inc., of Mississippi. The summons requested Al Roberts/Custom Accounting Systems, Inc., of Mississippi to appear before Special Agent Montgomery on May 28, 1991, at 11:00 a.m., to give testimony and to produce certain books, records, correspondence, workpapers and other data pertaining to the tax liability of Joseph M. Pierre, M.D., for the years 1987 and 1988. The summons specifically directed the accountant and the accounting firm to present documents in their possession for the periods of January 1, 1985, through April 30, 1990, pertaining to the following individuals and entities: Joseph M. Pierre, M.D.; Suzie M. David, a/k/a Suzie Pierre; Marie D. Pierre/Marie Dalberg LaFontant Pierre; and Pierre and Pierre, P.A./Pierre Chiropractic Clinic, P.A. On April 26, 1991, a copy of the summons was served on Al Roberts/Custom Accounting Systems, Inc., of Mississippi, and, on that same date, notice of service of the summons was given to the taxpayer.

On May 15, 1991, Joseph M. Pierre, M.D., filed the above-styled action seeking to quash the summons issued to Al Roberts/Custom Accounting Systems, Inc., of Mississippi. Subsequently, on May 28, 1991, Al Roberts/Custom Accounting Systems, Inc., of Mississippi failed to appear

conclusions of law thereon, and judgment

before Special Agent Montgomery to give testimony and produce certain books, records, correspondence, workpapers and other data as requested by the summons.

## OVERVIEW OF LAW

Sections 7602 through 7609 of the Internal Revenue Code of 1986 govern the procedures applicable to issuance, compliance, enforcement, and challenges pertaining to an Internal Revenue Service summons. Section 7602, entitled "Examination of Books and Witnesses," grants general and expansive powers to the Secretary of the Treasury to examine records and to summon persons and documents for testimony. Specifically, section 7602 authorizes the Secretary of Treasury to issue a summons for:

> ... [T]he purpose of ascertaining the correctness of any return ..., determining the liability of any person for any internal revenue tax ..., or collecting any such liability ... to summon ... any person having possession, custody or care of books of account containing entries relating to the business of the person liable for tax ..., to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry....

26 U.S.C. § 7602(a)(1)–(2).

This section grants the Internal Revenue Service powers analogous to that of a grand jury which can investigate "merely on suspicion that the law is being violated or even just because it wants assurance that it is not." *United States v. Powell*, 379 U.S. 48, 57, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964). The power granted by this enactment has been characterized as inquisitional, rather than accusatorial. *La Mura v. United States*, 765 F.2d 974, 979 (11th Cir.1985); *United States v. Wyatt*, 637 F.2d 293, 299 (5th Cir.1981). Further, section 7602 incorporates section 7609. *United States v. Euge*, 444 U.S. 707, 709–12, 100 S.Ct. 874, 877–78, 63 L.Ed.2d 141 (1980).

shall be entered pursuant to Rule 58; ...

Section 7609, entitled "Special Procedures for Third–Party Summonses," applies only to a special category of summonses. *Godwin v. United States*, 564 F.Supp. 1209, 1211 (D.Del.1983). The "special category" of summonses as defined in section 7609 are described as third-party recordkeeper summonses, a category covering a variety of institutions—typically financial institutions—which keep relevant records of client or customer transactions, or any attorney, or any accountant.

Prior to the Tax Equity and Fiscal Responsibility Act of 1982, taxpayers could "stay" compliance with a summons by refusing to comply with the dictates of the summons, while notifying the Internal Revenue Service of the recalcitrance. Thereafter, in order to enforce the summons, the United States was obligated to file a lawsuit. Convinced that this procedure was fraught with delay, Congress adopted the "proceeding to quash" procedure, which avoided delays by taxpayers and still safeguarded the rights of taxpayers. *See* Tax Equity and Fiscal Responsibility Act of 1982, Pub.L. No. 97–248, S.Rep. No. 97–494 1982 U.S.C.C.A.N. 781, 1027–30. *See generally Godwin v. United States*, 564 F.Supp. 1209 (D.Del.1983) (discussion of significant changes concerning enforcement of IRS summons).

■ The standards for enforcement of an Internal Revenue Service summons, or for determining the validity of same in a proceeding to quash, are well established. The United States need only show: (1) that the summons was issued for a legitimate purpose; (2) that the summoned data may be relevant to that purpose; (3) that the data are not already in the government's possession; and (4) that the administrative steps required by the Internal Revenue Code for issuance and service have been followed. *United States v. LaSalle National Bank*, 437 U.S. 298, 313–15, 98 S.Ct. 2357, 2366, 57 L.Ed.2d 221 (1978); *United States v. Powell*, 379 U.S. 48, 57–59, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964); *United States v. Davis*, 636 F.2d 1028, 1034 (5th Cir.1981), *reh. denied*, 645 F.2d 71 (5th Cir.1981), *cert. denied*, 454 U.S. 862, 102 S.Ct. 320, 70 L.Ed.2d 162 (1981). The requisite showing is generally made by the declaration of the agent who is seeking enforcement of the summons. *Matter of Newton*, 718 F.2d 1015, 1019 (11th Cir. 1983), *cert. denied*, 466 U.S. 904, 104 S.Ct. 1678, 80 L.Ed.2d 153 (1984); *Davis*, 636 F.2d at 1034. Indeed, "no more than [a declaration] is necessary to make the *prima facie* case." *Matter of Newton*, 718 F.2d at 1019; *Davis*, 636 F.2d at 1034. However, when convinced that a factual dispute is apparent, the court may order a full evidentiary hearing in the matter. *United States v. Southeast First National Bank of Miami Springs*, 655 F.2d 661, 665–66 (5th Cir.1981).

Seeking to quash the summons served on the accounting firm, the petitioner asserts the following three separate arguments: (1) that the Internal Revenue Service failed to give adequate notice to the corporation Pierre and Pierre, P.A./Pierre Chiropractic Clinic, P.A., of the summons served on the accounting firm pursuant to 26 U.S.C. § 7609(a);[7] (2) that the respondent has failed to make a *prima facie* case for the enforcement of the summons; and (3) the production of the requested records and documents under the summons would violate petitioner's Fifth Amendment[8] rights under the United States Constitution.

---

**7.** Title 26, United States Code, § 7609(a) states:

(1) In general.—If—

(A) any summons described in subsection (c) is served on any person who is a third-party recordkeeper, and

(B) the summons requires the production of any portions of records made or kept of the business transactions or affairs of any person (other than the person summoned) who is identified in the description of the records contained in the summons,

then notice of the summons shall be given to any person so identified ...

**8.** The Fifth Amendment to the United States Constitution provides as follows:

No person shall be held to answer for a capital, or otherwise infamous crime, ... nor shall any person be compelled in any Criminal Case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law....

Each of petitioner's grounds will be considered in turn.

### I. Was Adequate Notice Given To The Corporation?

Pierre argues that the IRS did not give adequate notice to the Pierre Corporation. The petitioner notes that 26 U.S.C. § 7609(a)(1) provides that notice of the summons on the third-party recordkeeper must be given to any *person* identified in the description of the records contained in the summons. (Emphasis added). For notice to be sufficient, it must be served either upon the *person* entitled to notice or mailed by certified or registered mail within three days of the service of the summons. (Emphasis added). *See* Title 26 U.S.C. § 7609(a)(2) (sufficiency of notice). Title 26 U.S.C. § 7701(a)(1) defines a "person" as an "individual ... company or corporation."

Pierre directs this court to the actual summons form signed by the IRS special agent which lists the parties who were given notice of the summons. The summons form styled "Service of Summons, Notice and Recordkeeper Certificate" does not indicate that Pierre and Pierre, P.A., by name, was given notice. The form reveals that Joseph Pierre, M.D., Suzie Pierre, Marie Pierre, and Gordon Broom received notice by certified or registered mail. At the hearing, Special Agent Montgomery corroborated this, as he testified that the aforementioned individuals received notice of the summons.

Joseph Pierre is the sole shareholder of Pierre and Pierre, P.A. Hence, any notice to Pierre individually of the summons on the accounting firm is notice to the corporation. Pierre, as sole stockholder, would be the proper agent of the corporation to receive notice of the summons. The fact that the summons form did not specifically list the Pierre corporation as noticee does not make petitioner's point since the corporation, through Pierre as its agent, received notice and had actual knowledge of the summons.

The Fifth Circuit Court of Appeals has spoken on this point, holding that where a taxpayer does not receive written notice, the taxpayer is not entitled to relief from the mandate of the summons if he had actual notice, was allowed to intervene, and the requested information had not been divulged. *United States v. Texas Heart Institute*, 755 F.2d 469, 478 (5th Cir.1985), *overruled on other grounds*, *United States v. Barrett*, 837 F.2d 1341, 1351 (5th Cir.1988). The court notes that the petitioner cites no authority for his position, other than a treasury regulation. The regulation, Treas.Reg. § 301.7609–3(a) (1982), merely states that under section 7609(a) of Title 26, the IRS must give notice of a summons to any person identified in the description of the books and records contained in the summons. Clearly, the regulation has section 7609(a) as its underpinnings and offers nothing more of substance to petitioner's contention that notice was not adequately provided to the corporation. Therefore, the court finds that under 26 U.S.C. § 7609 the government gave adequate notice of the summons to Pierre and Pierre, P.A./Pierre Chiropractic Clinic, P.A.

### II. Has The IRS Made A Prima Facie Case For Enforcement Of The Summons?

The second argument made by Pierre is that the IRS has not made a *prima facie* case for enforcement of the summons. As previously stated, the IRS in this case must meet the good faith factors enunciated in the *Powell* case. The government must show: (1) that the investigation will be conducted pursuant to a legitimate purpose; (2) that the inquiry may be relevant to that purpose; (3) that the information sought is not already within the possession of the IRS; and (4) that the proper administrative steps have been followed in determining that further investigation is necessary and in notifying the taxpayer in writing to that effect. *United States v. Stuart*, 489 U.S. 353, 359–61, 109 S.Ct. 1183, 1188, 103 L.Ed.2d 388 (1989); *United States v. Powell*, 379 U.S. 48, 57–59, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964).

As to the first two requirements, Pierre denies that the summons had a legitimate

purpose on the grounds that while the summons requests records for the periods of January 1, 1985, to April 30, 1990, the government says it is only interested in tax liability of Pierre for the periods covering 1987 and 1988. Therefore, argues Pierre, the summons is improper and overreaching. He further states that the IRS has failed to show a legitimate purpose in inquiring about records for individuals or entities other than the taxpayer. Pierre specifically challenges the request for records pertaining to Marie Dalberg LaFontant Pierre since she was divorced from Joseph Pierre on June 18, 1986. He further argues that any records pertaining to his current wife, Suzie David Pierre, prior to their marriage also are unnecessary and irrelevant. Finally, Pierre argues that the information sought by the summons is already in the possession of the IRS. Specifically, he states that he and Pierre and Pierre, P.A., have produced certain bank records to the IRS, and, therefore, that the IRS has all the information it needs.

In response, the IRS asserts that it has made a prima facie case for the enforcement of the summons. Special Agent Nicholas M. Montgomery testified that he is investigating the tax liability of Joseph M. Pierre, M.D., for the years 1987 and 1988; that he served summons on Al Roberts/Custom Accounting Systems, Inc.; that he gave notice of service of the summons to Joseph M. Pierre and Suzie David Pierre and Marie Pierre by certified mail; that the data requested is not in the possession of the Internal Revenue Service; and that no Justice Department referral, as defined by § 7602(c)(2)(A) [9] of the Internal Revenue Code, is in effect for the years under investigation. The requested documents, says the government, are relevant on the question of any tax liability and whether any offenses have been committed in connection with the enforcement of the IRS laws. Finally, the IRS states that all other requirements for enforcement of the summons have been met, and the summons does not seek data already in the possession of the IRS.

 The government has the initial burden of proving that the four *Powell* requirements have been met. *United States v. Barrett*, 837 F.2d 1341, 1345 (5th Cir.1988), *cert. denied*, 492 U.S. 926, 109 S.Ct. 3264, 106 L.Ed.2d 609 (1989). In addition, the government must demonstrate that the summons was issued prior to any IRS recommendation to the Department of Justice that a criminal prosecution, which reasonably relates to the subject matter of the summons, be undertaken. *United States v. LaSalle National Bank*, 437 U.S. 298, 317–19, 98 S.Ct. 2357, 2368, 57 L.Ed.2d 221 (1978). *See* 26 U.S.C. § 7602(c)(1) (no summons may issue if case referred to Justice Department for criminal prosecution); *see also United States v. Stuart*, 489 U.S. 353, 109 S.Ct. 1183, 103 L.Ed.2d 388 (1989) (reaffirms the *Powell/LaSalle* propositions). The burden of establishing the prima facie case which the IRS bears is minimal. In some cases, a simple affidavit filed by the agent who issued the summonses with the petition to enforce the summonses is all that is required. *United States v. Davis*, 636 F.2d 1028, 1034 (5th Cir.1981), *reh. denied*, 645 F.2d 71 (5th Cir.1981), *cert. denied*, 454 U.S. 862, 102 S.Ct. 320, 70 L.Ed.2d 162 (1981); *Mitchell v. I.R.S.*, 633 F.Supp. 1043, 1046 (S.D.Miss. 1986). Once the IRS meets its prima facie case, the production burden shifts to the taxpayer to disprove the government's prima facie case or to show that enforcement of the summons would be an abuse of the court's power. *Davis*, 636 F.2d at 1034; *Mitchell*, 633 F.Supp. at 1046. In the case of *United States v. LaSalle National Bank*, 437 U.S. 298, 315–17, 98 S.Ct. 2357, 2367, 57 L.Ed.2d 221 (1978), the Supreme Court noted that taxpayers opposing enforcement of a summons have a heavy burden "to disprove the actual existence of a valid civil tax determination or collection

---

**9.** Section 7602(c)(2)(A) states:

A Justice Department referral is in effect with respect to any person if—
(i) the Secretary has recommended to the Attorney General a grand jury investigation of,

or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws, ...

purpose by the Service." Of course, the government continues to bear the ultimate burden of persuasion. *See Moutevelis v. United States,* 561 F.Supp. 1211, 1214 (M.D.Pa.1983), *aff'd,* 727 F.2d 313 (3rd Cir. 1984) (notes legislative history of statute which states that government maintains burden of persuasion).

■ Applying the good faith factors, this court finds that the IRS clearly has presented the requisite proof for enforcement of the summons. Petitioner's submitted challenges to the individuals from whom records were requested and to the year group requested lack the muscle to withstand this offering. Both Suzie Pierre, Pierre's current wife, and Marie Pierre, his ex-wife, have held a relationship close enough to the taxpayer so that the IRS at the very least could entertain a reasonable suspicion that business records of these persons may assist the IRS in its investigative search into the possible tax liability of Pierre. Agent Montgomery testified that the IRS particularly needed documents relating to Marie Pierre, because a joint tax return had been filed by Dr. Pierre listing her name during the years under investigation. This raises legitimate concerns, says the IRS, since Dr. Pierre and Marie Pierre were divorced in 1986. Regarding Suzie Pierre, Agent Montgomery stated that certain pieces of Dr. Pierre's real estate were transferred to her and that this transaction might have an impact on the taxable years in question. Further, the IRS says that both Dr. Pierre and Suzie Pierre were parties to certain loans which may have been repaid during 1987 and 1988. Relative to Pierre and Pierre, P.A., the entity referred to in the IRS summons, Pierre is the sole stockholder of this corporation, and, according to the government, any business records of this entity would be helpful in the pursuit of the investigation of Pierre's tax liability for the years under investigation. Persuaded by the government's proof, the court is satisfied that the IRS' focus on Suzie Pierre, Marie Pierre, and Pierre and Pierre, P.A., is not misplaced.

■ Regarding Pierre's challenge on relevancy grounds as to the time periods concerned, the IRS has countered with evidence that the documents from the years 1985 to 1990 are indeed relevant and necessary for its inquiry. At the hearing in this matter, Agent Montgomery testified that during the years of 1985, 1986, 1987, and 1988, the petitioner made loans and had certain real estate transactions which may bear upon any tax liability. For the years of 1989 and 1990 which are subsequent to those under investigation, the Agent stated at the hearing that the documents might show whether certain transactions from 1987 and 1988 were indeed loans or rather dividends. Further, the government contends that the requested correspondence and data should show a pattern of how the taxpayer viewed the income reporting requirements for 1987 and 1988. In light of this explanation, the court is satisfied that the government has shown under the good faith requirements enunciated in the *Powell* and *LaSalle National Bank* cases its need for the summoned documents for the requested years. *See Holifield v. United States,* 677 F.Supp. 996, 998 (E.D.Wis.1987) (records for years subsequent to years under investigation relevant and necessary); *Rapidforma Del Caribe, Inc. v. United States,* 636 F.Supp. 465, 467 (D.Puerto Rico 1986) (records pertaining to prior and subsequent years relevant pursuant to indirect methods of proof for years under investigation); *United States v. Saunders,* 621 F.Supp. 745, 746–47 (N.D.Ga.1985) (financial records relating to years subsequent to years under investigation may provide assistance in determining tax liabilities).

In summary, the court finds that the government has established by a preponderance of the evidence that the summons here meets the good faith factors set out in *Powell.* Petitioner has offered no persuasive evidence to undermine this proof. Clearly, the documents and papers sought are pursuant to a legitimate and relevant purpose. Special Agent Montgomery testified that the documents and papers sought are not already in the possession of the IRS. Petitioner has offered no convincing proof that enforcement of the summons would be an abuse of the court's power. *See Mitchell v. I.R.S.,* 633 F.Supp. 1043,

1046 (S.D.Miss.1986). Finally, Pierre does not dispute the agent's testimony that the summons was issued prior to any recommendation to the Department of Justice for criminal prosecution. *See LaSalle National Bank,* 437 U.S. at 317–19, 98 S.Ct. at 2368. Thus, the court finds that the summons on the accounting firm is valid and enforceable.

### III. Would Enforcement Of The Summons Violate Petitioner's Fifth Amendment Right Against Self–Incrimination?

■ Pierre alleges that enforcement of the summons would violate his right against self-incrimination pursuant to the Fifth Amendment to the United States Constitution. The petitioner agrees that the contents of the business records requested by the IRS are not privileged under the Fifth Amendment. *See, e.g., United States v. Doe,* 465 U.S. 605, 610–13, 104 S.Ct. 1237, 1241–42, 79 L.Ed.2d 552 (1984) (unless business records prepared under compulsion, contents of such records are not. privileged under Fifth Amendment). Petitioner, instead, rests his argument on the principle enunciated in the *Doe* case that "although the contents of a document may not be privileged, the act of producing the document may be." *United States v. Doe,* 465 U.S. at 612, 104 S.Ct. at 1242.

Specifically, he argues that his professional corporation should be treated as a sole proprietorship, so as to sidestep the "collective entity rule" which states that a corporation or custodian of corporate records may not resist a subpoena on Fifth Amendment grounds. *Braswell v. United States,* 487 U.S. 99, 104–05, 108 S.Ct. 2284, 2288, 101 L.Ed.2d 98 (1988). He bottoms his argument on the fact that he is the sole shareholder and that under Mississippi law every shareholder of a professional corporation must be licensed to practice his discipline. *See* Miss.Code Ann. §§ 79–9–15, –17. Petitioner then reasons as follows:

> In the instant case, Joseph M. Pierre, M.D., is licensed to be a chiropractic doctor in the State of Mississippi. Joseph M. Pierre, M.D., is the sole shareholder of the professional corporation in ques-

tion, and as such, without the valid licensing of Joseph M. Pierre, M.D., the professional corporation involved would of necessity cease to exist. It, therefore, follows that the professional corporation and its sole shareholder, Joseph M. Pierre, M.D., are as one, and therefore, analogous to a sole proprietorship and its proprietor.

Petitioner's Memorandum of Law in Support of Petition to Quash Summons, p. 15. If the business be deemed equivalent to a sole proprietorship, then under *United States v. Doe,* 465 U.S. 605, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984), the taxpayer of a sole proprietorship may assert a Fifth Amendment claim.

Petitioner's argument is unpersuasive. Clearly, the entity in this case is a corporation, not a sole proprietorship. Although Pierre is a sole stockholder, the legal entity through which he conducts his business is a corporation. In light of the *Braswell* case, such a corporate form precludes the taxpayer's right to assert a Fifth Amendment claim as to the entity's business records. In *Braswell,* the Court stated:

> Had petitioner conducted his business as a sole proprietorship, *Doe* would require that he be provided the opportunity to show that his act of production would entail self-incrimination. But petitioner has operated his business through the corporate form, and we have long recognized that for purposes of the Fifth Amendment, corporations and other collective entities are treated differently from individuals. This doctrine known as the collective entity rule has a lengthy and distinguished pedigree.

*Braswell,* 487 U.S. at 104, 108 S.Ct. at 2288.

■ Next, petitioner claims that the summons to his accountant actually compels him to produce possible evidence against himself since he has "constructive" possession of the records which are in the custody of his agent. The United States Supreme Court addressed this point in *Couch v. United States,* 409 U.S. 322, 336–38, 93 S.Ct. 611, 620, 34 L.Ed.2d 548 (1973).

In *Couch,* the Court found that even though the taxpayer owned the records sought by the summons, he could not assert the constitutional privilege since he did not have possession of those records. *Couch,* 409 U.S. at 330–33, 93 S.Ct. at 617–18. Pierre may not validly assert a claim of constructive possession since, as in *Couch,* the accountant's possession of the summoned documents is not "so temporary and insignificant as to leave the personal compulsion upon the accused substantially intact." *Couch,* 409 U.S. at 333, 93 S.Ct. at 618. Thus, the Fifth Amendment privilege is not triggered here because "there exists no legitimate expectation of privacy and no semblance of governmental compulsion against the person of the accused." *Id.,* 409 U.S. at 336, 93 S.Ct. at 620; *see Fisher v. United States,* 425 U.S. 391, 96 S.Ct. 1569, 1581–82, 48 L.Ed.2d 39 (1976) (accountant's workpapers in possession of taxpayer's attorneys pose no threat of self-incrimination); *United States v. Clark,* 847 F.2d 1467, 1474 (10th Cir.1988) (act of producing accountant's workpapers did not violate Fifth Amendment); *Davis,* 636 F.2d at 1039 (taxpayer not in possession of summoned documents barred from invoking Fifth Amendment). The Fifth Amendment protects against *testimonial* self-incrimination. The act of producing certain records may be privileged in circumstances where by producing the records, the taxpayer admits that the records existed, were in his possession, and were authentic. *See United States v. Doe,* 465 U.S. at 613 n. 11, 104 S.Ct. at 1242 n. 11. In this case, however, petitioner does not either actually or constructively possess the records requested. Further, he operated his business through the corporate form. Therefore, Pierre may not invoke this constitutional privilege. Finally, it should be noted that the IRS is only seeking certain financial documents rather than "private papers" of the taxpayer. *See Boyd v. United States,* 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886) (private papers in possession of person asserting the privilege may be protected from compelled disclosure). The court discerns no violation here of petitioner's Fifth Amendment rights.

Therefore, the court finds that the petition to quash the summons should be dismissed, and the respondent's motion for an order enforcing the summons on Al Roberts/Custom Accounting Systems, Inc., of Mississippi is hereby granted.

So ORDERED.